Nov. Term,
1855.

IRWIN
v.
IVERS.

IRWIN and Others *v.* IVERS.

Parol evidence is not admissible to annul or substantially to vary the terms of a written instrument, except in cases of fraud.

A resulting or implied trust need not be in writing, but may be proved by parol, even against the face of the deed or the answer of the trustee.

*A.* and wife, by an instrument in writing, assigned a money demand to *B.*, and empowered him to collect the same for his own use. They also conveyed to him a tract of land in fee. *B.* collected the demand, and sold the land and received the purchase-money. The assignment and deed were both executed and delivered to *B.* with the express oral condition that he should collect said demand, and dispose of said real estate, and hold the proceeds in trust for the heirs of *A.* and wife. There was no fraud. *Held*, (under the R. S. 1831,) that a resulting trust did not arise in favor of said heirs.

If a party who sets up a resulting trust has paid no money, he can not show, by parol evidence, that the purchase was for his benefit.

*Wednesday,*
*December* 19.

APPEAL from the *Jasper* Circuit Court.

DAVISON, J.—Bill in chancery by *Alexander Irwin* and *Charlotte*, his wife, *James Williams* and *Maria*, his wife, *Mahala Gahagan, Eliza Ivers, Thomas Ivers* and *Virginia Dye*, against *William Ivers* and *Samuel Ivers;* the said *Charlotte, Maria, Mahala, Eliza, Thomas, Virginia, William* and *Samuel* being the children and heirs at law of *Richard Ivers* and *Deborah*, his wife, who died in the year 1836.

On the 26th of *January*, 1835, *Richard* and *Deborah*, in her right, held a demand for a certain amount of money upon one *John Leslie*, which, by their instrument in writing of that date, they assigned to *William Ivers*, one of the defendants, and thereby empowered him to collect the same for his own use. Also, on the 9th of *February*, 1835, they conveyed to him, by deed in fee, a tract of land in *Darke* county, *Ohio*. In the year 1838, the defendant sold this land for 300 dollars; and in his own name, he instituted suit upon the demand against *Leslie*, in the Common Pleas of *Preble* county, *Ohio;* which suit resulted in a decree in his favor for 372 dollars. These amounts, of 300 dollars and 372 dollars, were received by said defendant, the former in the year 1838, and the latter in 1841.

The bill alleges that the above assignment and deed,

though absolute on their face, were intended by the parties to constitute the defendant a trustee for the children and heirs of the said *Richard* and *Deborah*, and that as such trustee he is bound to account, &c. His answer simply denies the existence of such a trust. Upon a final hearing the Court dismissed the bill, &c.

The evidence consists, mainly, of the defendant's admissions, made by him at different periods between the years 1841 and 1849. These admissions appear to have been deliberately made and precisely identified. They seem to us clearly to establish the point of fact, that the assignment and deed were both executed and delivered to the defendant with the express verbal condition that he should collect the assigned demand, dispose of the real estate conveyed, and hold the proceeds in trust for the heirs of *Richard* and *Deborah Ivers*. Upon this verbal condition the appellants rely for a reversal of the decree. They contend that though nothing appears in the assignment or deed from which a trust can be inferred, still the proofs in the case sufficiently indicate a trust; one which arises by implication of law, and is not within the operation of the statute of frauds. This case is governed by an act of 1831, which contains the following provisions:

"Sec. 5. All declarations or creations of trust or confidence of any lands," &c., "shall be manifested and proved by some writing signed by the party who by law may be enabled to declare such trust or confidence," &c., "or else the same shall be utterly void and of none effect; provided that when any conveyance shall be made of any lands," &c., "by which a trust or confidence may arise or result by implication or construction of law," &c., "such trust," &c., "shall be of the like force and effect as the same would have been if this act had never been passed," &c.

"Sec. 6. All grants and assignments of any trust or confidence, shall likewise be in writing, signed by the party granting or assigning the same," &c. R. S. 1831, pp. 269, 270.

We have seen that the assignment and deed are, in terms, absolute, and upon their face import a valuable

consideration. The rule is well established, that verbal evidence can not be allowed to disannul or substantially vary a written agreement, except on the ground of fraud. Now the parol evidence before us, varies materially both the assignment and deed; and, further, it proves a specific trust, verbally declared, when the statute above quoted explicitly provides that "all declarations of trust, unless in writing, shall be utterly void."

The appellee assumes in argument that "there is a broad distinction between declared and implied trusts. The law implies a trust in the absence of one declared. Where a trust is declared, there is no room for implication, and a declared trust must be in writing." As a general rule, we concur in this doctrine, which, when applied to the facts of this case, would seem to favor the ruling of the Circuit Court. That a resulting or implied trust need not be in writing, and may be proved by parol, even against the face of the deed or the answer of the trustee, is a principle too plain to admit of controversy. But is the present a case of resulting trust? This is the main question to be considered. Lord *Hardwicke*, in *Lloyd* v. *Spillet*, said, that a resulting trust arising by operation of law existed, 1. When the estate was purchased in the name of one person and the consideration came from another; 2. When a trust was declared as to part, and nothing was said as to the residue, that residue remaining undisposed of, remained to the heir at law. He observed that he did not know of any other instances of a resulting trust, unless in cases of fraud. 2 Atk. R. 150. This statement of lord *Hardwicke* is quoted by judge *Kent*, in his Commentaries, with seeming approval. 4 Kent's Comm. 306. But in the transaction before us no fraud is proved.

In addition, also, to the argument that this trust has been verbally and specifically declared, and is therefore in conflict with the statute, there is still another valid reason why an implied trust does not arise upon the facts presented by the record. No money has been advanced by the *cestui que trust*. "If *A*. furnishes money to *B*., with a view to the purchase of an estate, and *B*. makes the pur-

chase with the money so furnished, and takes the deed in his name, a trust results to *A.*, *because he paid the money.* The whole foundation of the trust is the payment of the money, and it must be clearly proved. If, therefore, a party who sets up a resulting trust made no payment, he can not be permitted to show by parol proof that the purchase was made for his benefit or on his account." *Botsford* v. *Burr*, 2 Johns. Ch. R. 406. Here, it is not pretended that the appellants have paid money; but they rest their case exclusively on the ground of a specific trust, verbally declared when the assignment and deed were executed; and to sustain the position thus assumed, they rely on parol evidence. To allow this, would, in our opinion, be a plain overthrow of the statute of frauds. *Movan* v. *Hays*, 1 Johns. Ch. R. 339.—*Steere* v. *Steere*, 5 *id.* 1.—*Saunders* on Uses, 227. The decree must be affirmed.

*Per Curiam.*—The decree is affirmed with costs.

*H. P. Biddle*, for the appellants.

*D. D. Pratt* and *S. C. Taber*, for the appellee.