THE INDIANA POTTERY COMPANY *v.* BATES and Others.

If a firm pays for land, and the conveyance is to one of the partners, there is a resulting trust in favor of the firm.

And in a suit by one claiming title under the firm for a conveyance of the land, the heirs of the trustee are proper defendants; and they cannot object that the surviving partners and the heirs of those deceased are made co-defendants.

*Saturday,
December 24.*

APPEAL from the *Perry* Circuit Court.

HANNA, J.—The complaint states that, in 1836, *Samuel Casseday, James Cleus, William Bell, Reuben Bates,* and seven others, were associated as partners under the style of the *Lewis Pottery Company,* for the manufacture of earthenware and china, and were possessed of certain lands in said county; that in 1836, they bought from *Thomas E. Greswold,* for the purpose of said partnership, a tract of land containing six acres, adjoining the town of *Troy;* that at the suggestion of the said *Bates,* who was one of the members of said partnership, said purchase was made

through him, and in his name, and a conveyance executed

by *Greswold* and wife to *Bates*, on the 27th day of *July*, 1836, and the consideration therefor, 120 dollars, paid to *Greswold* by *William Bell*, treasurer, for and on behalf of the company, and a receipt therefor given at the foot of the deed; both of which (the deed and the receipt) are made part of the complaint.

It is further alleged that, by a verbal understanding and agreement, *Bates* was to hold the land for the company, by whom the consideration was paid.

It is also alleged that in *January*, 1837, the company was incorporated by the general assembly, under the style of the *Indiana Pottery Company*, and organized, and the partners, by a verbal agreement, for a consideration, adjusted in full, sold the land and their other real and personal partnership property to the incorporated company; and the purchaser took possession of, and made valuable and lasting improvements upon, said lands with the knowledge and consent of *Bates*. The widow and heirs of *Bates* and the surviving members of the partnership, with the heirs of those deceased, are made defendants, and a conveyance of the land is prayed for.

The heirs of *Bates* demurred to the complaint—

1. Because of an alleged failure to state facts sufficient to constitute a cause of action.

2. Because the members of the company are defendants.

The demurrer was sustained by the Court below, to which plaintiffs excepted and appealed.

As to the first objection, it was insisted by plaintiff that the complaint showed an implied or constructive trust, such as is within the contemplation of the saving clause in the "Act for the prevention of frauds and perjuries (R. S. 1831, p. 269, § 5), while on the part of defendants it was urged that because it is alleged that *Bates* took and held the land under a verbal agreement, the trust is an express one, and cannot be implied or resulting, and that an action to enforce it is barred by the statute.

The saving clause in the section referred to makes valid

any verbal transfer of real estate "by which a trust or confidence shall or may arise or result by the implication or construction of law."

The demurrer was not well taken.

It has been often decided by this Court, that if one person pays the consideration for land, and the conveyance is to another, there is a resulting trust in favor of the one who advances the money to make the payment. *Resor* v. *Resor*, 9 Ind. R. 347, and authorities cited.

The heirs of *Bates* were assuredly proper parties, and it is not for them, under the circumstances, to say that their co-defendants are not proper parties. But although, perhaps, they might not have been necessary parties, a question we need not decide, yet there could be no objection to making them parties for the purpose of concluding them as to any resulting interest which they might at any time set up as *cestui que trusts* of said *Bates*.

That they were, or had been, members of the original company, and afterwards of the corporation, cannot preclude the corporation, which may number a hundred other members, for ought that appears on the record, from the maintenance of the suit, where the contract was made by individual members with the said corporation.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*B. Smith* and *J. Pitcher*, for the appellants.

*L. Q. DeBruler* and *D. T. Laird*, for the appellees.