## BURKERT *v.* BURKERT ET AL.

TRUSTS.—*Conveyance.—Mistake.—Judgment Lien.—Injunction.*—A judgment debtor purchased real estate, agreeing with his wife that it should be conveyed to her, executed his promissory notes for the whole sum of the purchase-money, and secured the payment of the same by a mortgage on such real estate, in which his wife joined; but, by mistake, the conveyance was made to him. His wife having subsequently furnished him money to pay, and with which he paid, one of such notes, and the judgment creditor having issued and levied execution on such real estate, she brought suit to enjoin such creditor, and compel a conveyance to her.

*Held,* that no trust, in her favor, arose from such payment, that the land was subject to such levy, and that her rights are subject to those of the creditor.

From the Marion Superior Court.

*C. Byfield, D. Howe* and *C. H. Rooker,* for appellant.

*J. E. Heller,* for appellee.

BIDDLE, C. J.—In this case, there is no serious dispute about the evidence. We think it proves the following facts, stated in the order of the time in which they occurred:

On the 11th day of March, 1873, William H. Comin-

gore recovered judgment, in the Marion Superior Court, against Winfield S. Burkert and two other defendants, for six hundred dollars. On the 20th day of September, 1873, Winfield S. Burkert purchased the real estate in controversy from George H. Heitkam, for the consideration of eight hundred dollars, with the understanding between said Winfield and his wife, who is the appellant, that the conveyance of such real estate should be made to her, in her own name. No part of the consideration for said lands, so purchased, moved from the wife, at the time of the purchase, and no part of the purchase-money was then paid, but was secured by a mortgage made by Burkert and wife to Heitkam. The conveyance of the real estate from Heitkam was, by mistake, made to Winfield S. Burkert, instead of Helen C. Burkert, his wife. On the 15th of March, 1874, Helen C. Burkert furnished two hundred and ten dollars, to her husband, to take up one of the notes, so secured by the mortgage, as part of the purchase-money for the property, and said note was so taken up and discharged by the payment of said money. Comingore procured an execution to be issued on his judgment, against Winfield S. Burkert, and, on the 17th day of December, 1874, the sheriff of Marion county levied on the land in controversy, as the property of Winfield S. Burkert, and was about to sell the same, to satisfy the judgment in favor of Comingore.

Upon this state of facts, Helen C. Burkert brings her suit to have the deed corrected, and the conveyance of the real estate made to her, and prays that Comingore, and all persons under him, be enjoined from selling the land to pay the debt of Winfield S. Burkert.

At special term, the court found in favor of Helen C. Burkert, ordered the land to be sold, and her claim paid; then, after paying costs, to pay Comingore's judgment, and the balance, if any, to be paid to Winfield S. Burkert. On appeal to the court in general term, the judgment was so modified as to make the lien of Comingore's

judgment superior to the claim of Helen C. Burkert, giving her the next lien, and in other respects affirming the judgment.

No trust, in this case, was created in favor of Helen C. Burkert, in writing, and no trust can arise, by implication of law, before the payment of the money out of which the trust arises. This principle is explicitly laid down in the elementary works, and fully sustained by authority. Comingore's judgment existed before the land in controversy was purchased by Winfield S. Burkert, and no money was paid by Helen C. Burkert until after the land was purchased. No trust, therefore, can arise in favor of Helen C. Burkert, which can disturb Comingore's lien on the land, by virtue of his judgment. *Irwin* v. *Ivers*, 7 Ind. 308; *Matlock's Adm'r* v. *Nave*, 28 Ind. 35; *Milliken* v. *Ham*, 36 Ind. 166.

The judgment of the court in general term is affirmed, with costs.