No. 6828.

## BOYER ET AL. *v.* LIBEY ET AL.

| 88  | 235 |
| 125 | 475 |
| 88  | 235 |
| 133 | 344 |
| 88  | 235 |
| 136 | 316 |

TRUST AND TRUSTEE.—*Real Estate.—Agreement.—Title.*—Where one furnishes another money to buy land, under an agreement made at the time that the latter shall take the title in his name and hold it for the benefit of the former, and the land is bought with the money so furnished, a valid and enforceable trust results.

SAME.—*Consideration.*—A trust in land can not be created by parol agreement unless the consideration for the purchase of the land is paid by the person who claims to be the beneficiary. Nor will a trust result when the money is paid and the agreement made after the purchase.

RESULTING TRUST.—*Husband and Wife.—Conveyance.—Notice.—Promissory Note.—Assignor and Assignee.—Vendor and Vendee.*—A wife placed money in her husband's hands to buy a tract of land for her. He made the purchase with the money, taking the conveyance to himself, and agreeing, without fraudulent intent, to hold the lands in trust for her. Afterwards he sold the lands to one without notice of the trust, taking a note for the purchase-money, payable to himself, which, without her consent, he assigned to one having notice of the trust. *Held*, that she was entitled to the proceeds of the note.

BILL OF EXCEPTIONS.—*Time to File.*—Time being properly granted to file a bill of exceptions, the court, under the code of 1852, had no power at a subsequent term to enlarge the time, and a bill filed during the additional time thus given was no part of the record.

From the Steuben Circuit Court.

*W. H. Leas, J. A. Woodhull* and *W. G. Croxton,* for appellants.

*J. I. Best* and *R. W. McBride,* for appellees.

ELLIOTT, J.—This action was instituted by the appellants on a promissory note, executed by one George E. Libey to George M. Zeigler, and by him assigned to appellants; the maker of the note paid the money into court and filed a bill of interpleader; the appellee Samuel Porter, administrator of the estate of Emily Zeigler, deceased, filed a cross complaint, containing, among other paragraphs, the following:

"The defendant Samuel Porter, for a second and further defence, and by way of cross complaint, says that heretofore, on the 8th day of January, A. D. 1870, Emily Zeigler, then

in life, and then the wife of George M. Zeigler, placed in his hands, of her own separate property, $3,000, with which to purchase for her sixty acres of land in Steuben county, Indiana; that said George M. did purchase said land, and did pay therefor with the money of said Emily, as placed in his hands as aforesaid, and took therefor an absolute conveyance of said land in his own name, with the agreement, and without any fraudulent intent, that he was to hold the land in trust for said Emily; that afterwards he sold and conveyed said land to George E. Libey, the maker of the note sued upon, who bought the same without notice of the trust, and also made the note in suit for a part of the purchase-money; that afterwards said George M., without the consent of said Emily, transferred said note to John Leas, one of the plaintiffs, who took the same with full knowledge of the claim of said Emily thereto. The said George M. was, when he sold said land, and now is, insolvent, and has left the State of Indiana."

This cross complaint is good. Where one person furnishes another money to buy lands, under an agreement made at the time that the latter shall take title in his own name and hold it for the benefit of the former, and the land is bought with the money so furnished, a valid and enforceable trust results. The elements of a resulting trust exist independent of the agreement, namely, the furnishing of the money for the specific purpose of buying land for the benefit of the person supplying the consideration. *Indiana, etc., Co. v. Bates,* 14 Ind. 8; *Watkins v. Jones,* 28 Ind. 12; *McDonald v. McDonald,* 24 Ind. 68; *Milliken v. Ham,* 36 Ind. 166; *McCollister v. Willey,* 52 Ind. 382; *Hampson v. Fall,* 64 Ind. 382; *Derry v. Derry,* 74 Ind. 560, *vide* p. 564.

A trust in lands can not be created by parol unless the consideration for the purchase of the land is paid by the person who claims to be the beneficiary. *Burkert v. Burkert,* 58 Ind. 579; *Irwin v. Ivers,* 7 Ind. 308. Nor can a trust result where the money is paid and the parol agreement made after the purchase of the land. *Westerfield v. Kimmer,* 82 Ind. 365; 1

Perry Trusts, section 133. In this case the money was furnished for a designated purpose; the agreement was made prior to the purchase, and the money was used in the purchase of the land.

It is a familiar rule that one who owns the beneficial interest in land may follow the proceeds of the land into the hands of one who has full knowledge of the rights of the beneficiary. It appears, from the averments of the pleading before us, that the appellants took the note with full knowledge of the equity of Emily Zeigler, and that George Zeigler had disposed of the note in violation of his trust, and the case is, therefore, brought fully within the rule.

No question is presented on the ruling denying a new trial, for the reason that there is no bill of exceptions in the record. The court fixed a time within which the bill should be filed, and afterwards, and at a subsequent term, granted an extension of time. The court had no power to grant this extension, and, consequently, the paper professing to be a bill of exceptions is not properly in the record. *Robinson* v. *Johnson*, 61 Ind. 535. The cause was tried, we add, to prevent possible misunderstanding, under the code of 1852.

Judgment affirmed.