Filed November 1, 1883.

---

No. 10,991.

## MESCALL v. TULLY ET AL.

TRUSTS.—*Parol Agreement.*—*Statute of Frauds.*—*Conveyance.*—A parol agreement between grantor and grantee, in consideration of their expected marriage, that lands conveyed by absolute deed shall be held in trust for both parties, is void by the statute of frauds.

MORTGAGE.—*Foreclosure.*—*Sale.*—Where one has conveyed all his title to mortgaged real estate, in consideration that the grantee would pay the mortgage, and there has been a sale upon foreclosure satisfying the judgment, the grantor can not contest the validity of the decree ordering the sale.

PLEADING.—*Complaint.*—*Construction.*—A complaint must proceed upon some definite theory, and must be construed with reference to that theory.

From the Superior Court of Marion County.

*W. Patterson*, for appellant.

*R. O. Hawkins* and *P. Norton*, for appellees.

ELLIOTT, J.—The first paragraph of the complaint alleges that appellant was the owner of certain real estate in fee; that he executed jointly with his then wife, Mary Ann Mescall, a mortgage to Richard E. Stanton; that Mary Ann died, and the appellant afterwards entered into a marriage contract with

Julia Tully; that there was then an oral agreement made wherein appellant agreed to convey to Julia the real estate upon the condition that she would assume and pay the mortgage executed to Stanton, and that she would hold the property equally in trust for herself and appellant; that appellant, pursuant to this agreement, conveyed the property to Julia, and on the day following they were married; that Mark Tully is the brother of Julia, and has colluded with her to defraud the appellant, and, pursuant to their fraudulent scheme, falsely represented that the Stanton mortgage was satisfied by Julia; that Mark did pay this mortgage, but wrongfully took an assignment thereof; that afterwards Julia abandoned the appellant, and he obtained a decree of divorce; that Mark Tully filed his complaint praying for a foreclosure of the mortgage; that such proceedings were had as resulted in a decree of foreclosure; that sale was made on the decree, and the property purchased by the appellee Mark Tully. It is also alleged, as an excuse for suffering judgment in the foreclosure suit to go by default, that the appellant was unable to read or write, "and was sick and disordered in his mind." The second paragraph is substantially the same as the first, except that it sets forth the proceedings in the foreclosure suit in full, and the third is in substance the same as the first and second, except that it does not refer to the foreclosure proceedings.

In our opinion one principle determines the validity of all these paragraphs, and that is this: An express trust can not be created by parol. As the appellant conveyed the land to Julia Tully by a deed absolute on its face, he can not destroy the effect of his conveyance by alleging that there was a verbal agreement that she should hold it in trust for both of them. Our cases are full upon this subject, and they are in line with the doctrine of the text-writers. *Dunn* v. *Dunn,* 82 Ind. 42; *Owens* v. *Lewis,* 46 Ind. 488 (15 Am. R. 295); *Pearson* v. *East,* 36 Ind. 27; *Irwin* v. *Ivers,* 7 Ind. 308; 1 Perry Trusts, section 79; 1 Greenl. Cr. 356, *n.*; 1 Hilliard Real Prop. 425.

The case is not one where the doctrine upon which constructive trusts are founded can have force, for here the only trust is the express one alleged to have been created by parol. Where there is an express trust there can be no implied one. There are no facts upon which the law can frame a construction of a resulting trust. It would be a plain violation of the letter and the spirit of the statute to permit a deed absolute in its terms to be turned into the conveyance of a trust by a verbal agreement. The very evil the statute was intended to prevent is the one which would prevail if an express trust could be created against an absolute conveyance by an oral agreement. The whole purpose of the statute would be defeated if a deed absolute in terms were allowed to be transformed into an instrument creating a trust for the benefit of the grantor or any one else.

There was no contract of sale, and the cases of *Fisher* v. *Wilson,* 18 Ind. 133; *Wiley* v. *Bradley,* 60 Ind. 62; *Stephenson* v. *Arnold,* 89 Ind. 426; *Jarboe* v. *Severin,* 85 Ind. 496, have not the slightest application. It would be strange indeed if a party could be permitted, in the face of our broad and explicit statute, to use an oral agreement creating an express trust for the purpose of charging the grantee with the value of the property conveyed by the deed. It would endanger all titles to hold such a doctrine. It finds no support in the cases, and has none in principle.

The appellant having, by an absolute deed, divested himself of all title to the land, is not in a situation to question the validity of the decree ordering its sale. One who has conveyed all his title to mortgaged property can not contest the validity of a decree ordering its sale. Having no interest in the land he has no right to interfere.

There is no showing that appellant will be held to a personal liability on the judgment in the foreclosure suit, for the sale of the mortgaged premises discharged that debt, and, as he owns no interest in the land, the complaint shows no legal injury.

It is an established rule of pleading that a complaint must proceed upon some definite theory, and on that theory the plaintiff must succeed, or not succeed at all. A complaint can not be made elastic so as to take form with the varying views of counsel. *Johnston* v. *Griest,* 85 Ind. 503; *Platter* v. *City of Seymour,* 86 Ind. 323; *Johnston, etc., Co.* v. *Bartley,* 81 Ind. 406; *Judy* v. *Gilbert,* 77 Ind. 96 (40 Am. R. 289); *Lockwood* v. *Quackenbush,* 83 N. Y. 607; *Salisbury* v. *Howe,* 87 N. Y. 128. The theory upon which the complaint is constructed is that the parol agreement transformed the deed from an absolute conveyance into an instrument creating a trust, and as this theory is overthrown by the authorities the entire complaint is foundationless. This theory is the foundation of the complaint, and, as that falls away, the whole pleading must go down.

Judgment affirmed.

Filed October 18, 1883.