Thomas, Administrator, *v.* Merry.

Filed Jan. 17, 1888.

No. 13,435.

## THOMAS, ADMINISTRATOR, *v.* MERRY.

TRUST.—*Real Estate.*—An express trust in real estate can not be created by parol.

SAME.—*Personal Property.*—*Consideration.*—*Equitable Obligation.*—A trust in personal property or money may be created by parol, and while a parol agreement by a grantee to whom lands have been conveyed, to hold the same in trust for his grantor, is void, yet the equitable obligation arising therefrom will constitute a sufficient consideration to sustain the grantee's subsequent agreement to hold the proceeds of the sale of such lands in trust for the grantor.

PLEADING.— *Uncertainty.*— *Demurrer.*— Uncertainty in the statement of facts affords no sufficient ground for sustaining a demurrer to any pleading, if enough facts are contained therein.

FORMER ADJUDICATION.— *When Conclusive Settlement.*—A matter which has been adjudicated by a court of competent jurisdiction is deemed finally

and conclusively settled, in any subsequent litigation between the same parties where the same question arises, except where the litigation is a direct proceeding for the purpose of reversing or setting aside such adjudication.

STATUTE OF LIMITATIONS.— *Trust.*— *Disavowal of by Trustee.*— *Cestui Que Trust.*—Time begins to run against a trust only from the time when it is openly disavowed by the trustee, who insists upon an adverse right and interest, which are fully and unequivocally made known to the *cestui que trust.*

DECEDENTS' ESTATES.— *Claim Against.*— *Statement of Claim.*— *Requirements of.*—*Pleading.*—While it is not necessary that the holder of a claim should file a formal complaint against a decedent's estate, under the ordinary rules of pleading, yet the statement of such claim, required by the statute, must contain all the facts necessary to constitute *prima facie* a cause of action in his favor, due, or to become due, from such estate.

From the Vigo Circuit Court.

*S. B. Davis, S. C. Davis* and *L. D. Thomas,* for appellant.
*S. W. Curtis* and *G. A. Knight,* for appellee.

HOWK, J.—Appellee's claim or complaint against the estate of Samuel Merry, deceased, whereof appellant, Thomas, was administrator, contained two paragraphs. Issue was joined thereon by appellant's answer in general denial, and the trial thereof by the court resulted in a finding for appellee in the sum of $2,100, and over appellant's motion for a new trial the court rendered judgment on its finding.

Errors are assigned here by appellant, the defendant below, which call in question the overruling of his demurrer to each paragraph of appellee's claim or complaint, and the overruling of his motion for a new trial. We will consider these errors in the order of their statement, and decide the questions thereby presented.

In the first paragraph of his claim or complaint the appellee alleged that the estate of Samuel Merry, deceased, appellant's testate, was indebted to appellee in the sum of $1,400, and interest thereon, amounting to $1,200; that, on August 27th, 1860, appellee conveyed to said Samuel Merry, since deceased, lots numbered 31 and 32, in Chauncey Rose's

subdivision of 84.65 acres off the north end of the north-west quarter of section 22, township 12 north, of range 9 west, in Vigo county, Indiana; that such real estate was so conveyed to said Samuel Merry at and for the consideration of $5,000, to be held by him in trust for appellee; that afterwards, by an agreement by and between appellee and said Samuel Merry, since deceased, the said Samuel conveyed such real estate to one Adam C. Mattox at and for the price of $2,400, and received such sum therefor from said Mattox,, and kept and retained the same under such agreement for the use and benefit of appellee, and that by such agreement the said Samuel was to furnish appellee with a home in the town of Brazil; that, on the —— day of ———, 187—, said Samuel Merry, since deceased, purchased with part of the sum of money last aforesaid lot No. 12 in Hendrix's fourth addition to the town of Brazil at and for the price of $800, and, also, a wagon and team at and for the sum of $200; that afterwards said Samuel Merry, since deceased, purchased for appellee a suit of clothes for the sum of $18, for which sum appellee had given credit to such decedent's estate, and that said Samuel Merry, since deceased, had the use and benefit of said trust fund of $2,400 since March 4th, 1871, with the exceptions above set forth, amounting in the aggregate to the sum of $1,018. Wherefore, etc.

In the second paragraph of his claim or complaint herein, after stating the indebtedness to him of such decedent's estate, the appellee alleged that, on the 25th day of June, 1885, in an action in the Clay Circuit Court, of Clay county, Indiana, wherein appellee herein was plaintiff, and the appellant herein and those in privity with him, to wit, the heirs at law of said Samuel Merry, deceased, were defendants, the identical matters set forth herein, so far as the trust and the money had and received were involved, were, upon issue joined, tried; that in said action the issue was whether or not a certain house and lot in Brazil, in Clay county, had been purchased by said Samuel Merry, deceased, with funds

(to recover the balance of which this suit was brought) belonging to appellee, and the title thereto taken in such decedent's name; that, upon the trial of said issue, the same was found and declared in favor of appellee, and said Clay Circuit Court adjudged that the funds with which said decedent paid for said house, which appellee alleged was a part of the funds for which he sued in this action, were held by said decedent in trust for appellee. Wherefore, etc.

Each paragraph of appellee's claim or complaint herein was demurred to by appellant, Thomas, solely upon the ground that it did not state facts sufficient to constitute a cause of action. These demurrers were severally overruled by the trial court, and these rulings constitute the first errors of which appellant's counsel complain here in argument.

In section 2310, R. S. 1881, in force since September 19th, 1881, it is provided that the holder of any claim against a decedent's estate " shall file a succinct and definite statement thereof in the office of the clerk of the court in which the estate is pending."

In construing this provision and similar provisions in previous statutes regulating the settlement of decedents' estates, it has been held by this court that, while the holder of a claim against a decedent's estate is not required to file a formal complaint against the estate, under the ordinary rules of pleading in civil actions, yet the " succinct and definite statement" of his claim, which the statute requires him to file in the clerk's office of the proper court, must contain all the facts necessary to constitute *prima facie* a cause of action in his favor, due, or to become due, from such estate. *Huston* v. *First Nat'l Bank*, 85 Ind. 21; *Windell* v. *Hudson*, 102 Ind. 521; *Walker* v. *Heller*, 104 Ind. 327; *Culver* v. *Yundt*, 112 Ind. 401.

Appellant's learned counsel vigorously contend that the first paragraph of appellee's claim was clearly bad on demurrer, because, as counsel claim, it rests upon and seeks to enforce an alleged parol trust in real estate. If counsel were

right in their construction of the first paragraph of com- plaint, and of the relief sought thereby, they would be right also, no doubt, in claiming that the paragraph was bad and that the demurrer thereto ought to have been sustained; for it is settled by our decisions that an express trust in real estate can not be created by parol. *Mescall* v. *Tully,* 91 Ind. 96, and authorities there cited.

We are of opinion, however, that appellant's counsel wholly misapprehend the force and effect of the facts stated by appellee in the first paragraph of his claim herein. It is true that the claimant averred, almost at the outset of the first paragraph of his claim, that, on August 27th, 1860, he sold and conveyed to appellant's testate, Samuel Merry, since deceased, certain described real estate in Vigo county, for the consideration of $5,000, to be held by said Samuel Merry in trust for such claimant. But we regard this aver- ment to be simply intended as an introduction to, and an explanation of, the other facts stated by appellee in the first paragraph of his claim; and that such averment was so in- tended, we think, is clearly shown by such facts. Certainly, the claimant did not base his claim herein on the alleged parol trust in such real estate, nor did he seek to enforce such trust in this suit.

Appellee's claim against the estate of appellant's testate, as stated in the first paragraph thereof, was based upon the agreement made long afterwards by and between him and said Samuel Merry, since deceased, to the effect that such real estate, so conveyed as aforesaid by the claimant herein to said Samuel Merry, should be sold and conveyed to one Mattox for the sum of $2,400, and that said Samuel Merry should receive from said Mattox the proceeds of such sale and conveyance of such real estate; and the claimant aver- red that, under this last agreement, such real estate was sold and conveyed to said Mattox for the price aforesaid, and that said Samuel Merry received the proceeds of such sale from said Mattox and retained the same, under such agreement,

for the use and benefit of such claimant. It is clear, we think, that the trust arising under this last agreement, in favor of the claimant herein, was a trust relating only to personal estate, namely, the moneys so received from said Mattox by said Samuel Merry, and retained and held by him in trust for such claimant. It is settled by our decisions, that a trust in personal property or money may be created by parol. *Hon* v. *Hon,* 70 Ind. 135; *Hunt* v. *Elliott,* 80 Ind. 245; *Mohn* v. *Mohn,* 112 Ind. 285.

In the case last cited, the averments of the second paragraph of the complaint, as stated in the opinion of the court, were substantially the same as those of the first paragraph of the claim in the case in hand. In the case cited, it was held, in effect, that where lands had been conveyed to the grantee upon his parol agreement to hold the same in trust for the grantor, although such agreement was void, yet such an equitable obligation would arise therefrom as would constitute a good and sufficient consideration to sustain such grantee's subsequent agreement to hold the proceeds of the sale of such lands in trust for such grantor; that such second paragraph of complaint, therefore, stated a good cause of action upon such subsequent agreement; and that the court below had erred, in that case, in sustaining a demurrer to such second paragraph of complaint. *Calder* v. *Moran,* 49 Mich. 14.

In the case under consideration, we are of opinion that the facts stated by the claimant in the first paragraph of his complaint are amply sufficient to constitute a valid claim against the estate of appellant's testate, and that the demurrer thereto was correctly overruled.

We have heretofore given a full statement of the facts averred by the claimant in the second paragraph of his claim or complaint, wherein he sued to recover of the estate of appellant's testate the same alleged indebtedness to him described in the first paragraph of such claim or complaint. After averring in such second paragraph that the indebtedness of such estate to him was for money had and received

in trust, to the use of the claimant, by said decedent in his lifetime, the claimant further alleged, in substance, that the questions in relation to such trust, and to the amount of money had and received by such decedent in his lifetime, in trust for claimant, had been ascertained and adjudicated by the Clay Circuit Court, in this State, in a certain suit theretofore pending therein, in which such claimant was plaintiff, and the personal representatives and heirs at law of such decedent were defendants, and in which such questions were directly in issue, and were there decided and determined by that court in favor of the claimant herein. This adjudication is not pleaded with much clearness or certainty by the claimant in the second paragraph of his claim herein, but it is well settled, that uncertainty in the statement of facts affords no sufficient ground for sustaining a demurrer to any pleading, if enough facts are contained therein. *Pittsburgh, etc., R. W. Co.* v. *Hixon*, 110 Ind. 225, and cases there cited. While the second paragraph of appellee's claim can hardly be regarded as a model of good pleading, the facts stated therein were sufficient, we think, to constitute a cause of action against the decedent's estate and to require of appellant an answer thereto. There was no error, therefore, in overruling the demurrer to the second paragraph of complaint.

Under the alleged error of the court in overruling appellant's motion for a new trial, his counsel very earnestly insist that the finding of the court was not sustained by sufficient evidence. The appellee was the son of Samuel Merry, deceased. The oral evidence introduced by appellee on the trial of this cause tended to prove statements made by the decedent, in his lifetime, to the effect that his son William, appellee herein, had been reckless and dissipated, and had conveyed his property in Terre Haute to him, such decedent, by the procurement of the latter, and his son William would have to settle in Brazil; that he, such decedent, had got of his son William, plaintiff herein, a house and lot in Terre Haute and had kept it for him; that he, the decedent,

had sold the Terre Haute property for the sum of $2,400, and bought the house and lot in Brazil for his son William, had taken the deed in his own name, and that he, the decedent, had also bought a wagon and team for his son William. Other oral evidence, introduced by appellee, tended to prove that said Samuel Merry, deceased, had paid the sum of $800 for the said house and lot in Brazil, and the sum of $200 for said wagon and team, bought by him in his lifetime for his son William, the plaintiff herein.

It may be true that this oral evidence, if it were the only evidence appearing in the record, would not sustain the finding of the trial court. But appellee also gave in evidence a certified transcript of the record of the Clay Circuit Court, showing the adjudication set forth in the second paragraph of his claim or complaint herein, substantially as the same is there pleaded.

In the case in the Clay Circuit Court, wherein the claimant herein was plaintiff, and the personal representatives and heirs at law of said Samuel Merry, deceased, were defendants, the controlling question for decision, under the issues joined therein, was this: Whether or not such decedent, in his lifetime, received the proceeds of the sale of the house and lot in Terre Haute, theretofore conveyed to him by such plaintiff, upon his agreement to hold such proceeds in trust for the use and benefit of the plaintiff. In that case the plaintiff had stated in his complaint the facts in relation to such alleged trust substantially as he has stated the same facts in the first paragraph of his claim herein; and upon issue joined on such complaint, and a full hearing had, the Clay Circuit Court found and adjudged upon such issues the question above stated in favor of the plaintiff therein, the claimant in the case we are now considering. We have no doubt that the transcript of the record of such adjudication was not only competent, but conclusive evidence upon the question there involved, which is the controlling question in the case in hand, namely, whether or not the proceeds of the sale of the

Terre Haute property were received by said Samuel Merry, deceased, in his lifetime, upon his agreement to hold the same in trust for the use and benefit of the claimant herein.

The competency and conclusive character of such an adjudication were carefully considered by the Supreme Court of Illinois in *Hanna* v. *Read,* 102 Ill. 596. The learned court there said : "Whether the adjudication relied on as an estoppel goes to a single question, or all the questions involved in a cause, the fundamental principle upon which it is allowed in either case is, that justice and public policy alike demand that a matter, whether consisting of one or many questions, which has been solemnly adjudicated by a court of competent jurisdiction, shall be deemed finally and conclusively settled in any subsequent litigation between the same parties, where the same question or questions arise, except where the litigation is a direct proceeding for the purpose of reversing or setting aside such adjudication." What we have quoted seems to be fully sustained by the numerous authorities, State, Federal and English, cited by the court in its opinion. The same doctrine has been recognized and fully approved in many of our own decisions. *Felton* v. *Smith,* 88 Ind. 149 ; *Cleveland* v. *Creviston,* 93 Ind. 31, and cases there cited; *Kilander* v. *Hoover,* 111 Ind. 10.

The finding of the trial court was, we think, sustained by sufficient evidence. But it is claimed by appellant's counsel that the damages assessed by the court were excessive, and that for this cause a new trial ought to have been granted. On the other hand, appellee's learned counsel contend that this cause for a new trial applies only to actions in tort, and does not call in question the amount of appellee's recovery. This contention of counsel is supported by our decisions. *Lake Erie, etc., R. W. Co.* v. *Acres,* 108 Ind. 548, and cases there cited. But we are of opinion that if the question were properly presented, appellant would have no sufficient cause to complain of the amount of appellee's recovery. It is manifest that appellee was allowed by the trial court interest

at the rate of six per cent. per annum during part of the time the appellant's decedent held and had the use of the trust fund. There was no error, we think, in such allowance of interest. *Rochester* v. *Levering*, 104 Ind. 562.

There is nothing in the record of this cause to show that appellee's claim herein was barred by the statute of limitations, or that the statute had ever commenced to run against such claim in the lifetime of the decedent. The trust established by the evidence in this case was shown, we think, to be a continuing trust, in the settlement of which delay was contemplated by the parties thereto. It is nowhere shown in the record before us that the decedent in his lifetime ever denied or disavowed such trust. Time begins to run against a trust only from the time when it is openly disavowed by the trustee, who insists upon an adverse right and interest, which is fully and unequivocally made known to the *cestui que trust.* *Albert* v. *State, ex rel.*, 65 Ind. 413 ; *Hileman* v. *Hileman*, 85 Ind. 1 ; *Langsdale* v. *Woollen*, 99 Ind. 575.

There is no such thing shown by the record of this cause as the splitting of appellee's cause of action. It is shown that appellee claimed to have two causes of action against the decedent; one to acquire the legal title to the house and lot in Brazil, of which the Clay Circuit Court had exclusive original jurisdiction, and the other was a claim against the decedent's estate for money had and received by the decedent in his lifetime in trust for appellee. Of this latter cause of action the court below, wherein the decedent's estate was pending for settlement, had exclusive original jurisdiction. The two suits were, therefore, properly commenced by appellee in these two courts, without any splitting of either of his two causes of action.

We have found no error in the record of this cause which authorizes or requires the reversal of the judgment.

The judgment is affirmed, with costs.

Filed Jan. 20, 1888.