Filed Oct. 9, 1890.

No. 15,264.

## PEARSON *v.* PEARSON ET AL.

PAROL TRUST.—*Action to Enforce.—Complaint.—Insufficiency of.*—The complaint alleges that the land therein described was deeded by P. to C.; that while purporting on its face to be an absolute deed it was intended by the parties to the instrument to secure C. for advances made by him to P.; that he should sell enough of the land to reimburse himself, and convey the remainder to P.'s wife; that C.'s advances were fully paid, and the land conveyed by him to J. under the express oral agreement; made at the time, that J. should dispose of the land, as necessity required, and pay the proceeds to his mother, the wife of P., during her lifetime, and if any portion remained unsold, at the time of her death, the same should be sold and the proceeds paid to her three children equally, one of whom was the plaintiff; that J. sold portions of the land during the lifetime of his mother, paying the proceeds to her, and after her death sold other portions, converting the proceeds to his own use; that J. died intestate, and that his administrator is threatening to sell portions of said land for the payment of J.'s debts. Judgment was prayed that the sale be enjoined; that a commissioner be appointed to sell the land, and that he be directed to pay one-third of the proceeds of the sale to the plaintiff, taking into account all sales of said lands made by J. since the death of his mother.

*Held,* that the complaint was bad, as it attempted to enforce a parol trust in land, which is forbidden by section 2969, R. S. 1881.

*Held,* also, that the complaint could not be sustained on the theory that it was an action to recover the proceeds of sales made by J. in his lifetime, for in such an action the heirs are neither necessary nor proper parties, and such an action can not be brought against an administrator by complaint and summons.

PLEADING.—*Must Proceed upon Definite Theory.*—Every pleading must pro-

Pearson v. Pearson et al.

ceed upon some definite theory, and its sufficiency must be determined by the theory upon which it proceeds.

From the Warren Circuit Court.

. W. L. Rabourn, for appellant.

C. V. McAdams and E. Stansbury, for appellees.

COFFEY, J.—The assignment of errors in this case calls in question the correctness of the ruling of the circuit court in sustaining the demurrers of the appellees to the complaint filed against them by the appellant.

The complaint alleges, substantially, that in the year 1859 the appellee Robert Pearson, being largely indebted, in order to procure funds with which to pay such indebtedness, conveyed to Wilson Claypool the land described in the complaint, by an instrument in writing which purported to be an absolute deed of conveyance, for the stipulated consideration of twelve hundred dollars, when, in fact, it was intended by the parties to said instrument to secure the said Claypool in the loan and advancement of eight hundred dollars to the said Robert; that it was agreed between the said Pearson and Claypool that the said Claypool should sell and convey enough of said land to repay said eight hundred dollars, and that he should convey the remainder of said land to Rebecca Pearson, wife of the said Robert Pearson; that Claypool was fully paid said sum of eight hundred dollars, and by agreement between him, the said Robert, and Rebecca Pearson and John G. Pearson, said land was conveyed by the said Claypool to the said John G. Pearson on the 22d day of August, 1866; that said conveyance was made to the said John G. Pearson under the express agreement, made at the time, that the said John G. Pearson should sell and dispose of said land from time to time, as necessity should demand, and pay the proceeds to the said Rebecca Pearson, who was his mother, during her lifetime, and that if any portion should remain unsold at the time of her death the same should be sold and the proceeds thereof paid to

the three children of the said Rebecca, viz., the appellant, George Pearson, Eliza Claypool and the said John G. Pearson, share and share alike; that the said John G. Pearson paid no consideration for said conveyance; that during the life of the said Rebecca Pearson, the said John G. Pearson sold a portion of said land for which he realized the sum of three thousand dollars which he paid over to the said Rebecca; that the said Rebecca died intestate in Warren county, in the State of Indiana, on the 3d day of March, 1883; that after her death the said John G. Pearson sold other portions of said land, from which he realized the sum of four thousand dollars, which he converted to his own use; that the appellant and the said Eliza Claypool made frequent demands upon the said John G. Pearson to sell the remaining portion of said land, and to pay to them their share of the proceeds thereof, which he refused to do; that the said John G. Pearson died intestate in Warren county, Indiana, on the 4th day of October, 1888, leaving surviving him his wife, the appellee Martha Pearson, and one child, the appellee Julia Pearson; that the said Martha Pearson and Julia Pearson as the heirs at law of the said John G. Pearson, deceased, claim all of said land remaining unsold, which is of the value of six thousand dollars; that the appellee Eli Stansbury is the duly appointed and qualified administrator of the estate of the said John G. Pearson, and as such has procured an order of the Warren Circuit Court to sell portions of said land for the payment of the debts of the said John G. Pearson, and is threatening to sell the same for that purpose, and denies the right of the plaintiff to any interest in said land, or the proceeds of the sale thereof; that the appellant is entitled to one-third of the proceeds of the sales of said land made by the said John G. Pearson during his lifetime and after the death of the said Rebecca Pearson, and to one-third of the proceeds of all sales of said land hereafter to be made; that the appellee Robert Pearson, who is the surviving husband of the said

Rebecca, is made a party defendant to answer as to his interest in the subject-matter of this suit. Prayer, that Stansbury, as administrator, be restrained from selling any portion of said land until the interest of the parties hereto be determined; that a commissioner be appointed to sell said lands, and that he be directed to pay one-third of the proceeds thereof to the appellant, and that in the distribution of such proceeds he take into account all sales of said land made by the said John G. Pearson since the death of the said Rebecca, etc.

Every pleading must proceed upon some definite theory, and its sufficiency must be determined by the theory upon which it proceeds. *Platter* v. *City of Seymour*, 86 Ind. 323; *Mescall* v. *Tully*, 91 Ind. 96; *Western Union Tel. Co.* v. *Young*, 93 Ind. 118; *Chicago, etc., R. R. Co.* v. *Bills*, 104 Ind. 13; *First Nat'l Bank, etc.,* v. *Root*, 107 Ind. 224.

The complaint before us can not be sustained upon the theory that it is an action to recover the proceeds of sales made by John G. Pearson in his lifetime, as contended by the appellant, for in such an action the heirs are neither necessary nor proper parties, and such an action can not be brought against an administrator by complaint and summons. *Leonard* v. *Blair*, 59 Ind. 510; Elliott's Supp., section 385; *Lovering* v. *King*, 97 Ind. 130; *Hanna* v. *Fisher*, 95 Ind. 383.

This complaint proceeds upon the theory that the deed from Wilson Claypool to John G. Pearson vested in the latter the title to the land described in the complaint, charged with a verbal trust that the same should be sold and the proceeds paid over to Rebecca Pearson, and to her children.

The question presented for our consideration involves the sufficiency of the complaint upon that theory.

It is conceded by the appellant that Wilson Claypool had nothing more than a mortgage upon the land, a mere lien, which had been discharged before the date of his deed to John G. Pearson. If Claypool had no title to the land we

are unable to conceive any principle of law or equity by which he could vest title in a grantee, such as John G. Pearson, paying no consideration. At most, the deed executed by Claypool to John G. Pearson, under the facts disclosed in the complaint, amounted to nothing more than the assignment of a satisfied mortgage, unless Robert Pearson, the mortgagor, became estopped from claiming any interest in the land by reason of giving his assent to the conveyance by Claypool to John G. Pearson. The question as to whether such consent amounted to an estoppel is not discussed by counsel in their briefs, and for that reason we do not examine or decide it. Assuming, however, without deciding, that the deed from Claypool to John G. Pearson vested title in the latter, we are then confronted with the question as to whether the parol trust set up in the complaint is valid.

In this connection the fact must not be overlooked that the appellant is not claiming as the heir of Rebecca Pearson, but that his claim is based upon the contract between Rebecca Pearson and John G. Pearson. It is not claimed that he has parted with any valuable consideration, but the claim is that he is entitled to avail himself of the trust created for his benefit by the terms of said contract.

Section 2969, R. S. 1881, provides that "No trust concerning lands, except such as may arise by implication of law, shall be created, unless in writing, signed by the party creating the same, or by his attorney thereto lawfully authorized in writing."

It has often been held by this court that a party who has not parted with anything of value can not be permitted to prove by parol that a purchase of land was made for his benefit or on his account. *Irwin* v. *Ivers*, 7 Ind. 308; *Thomas* v. *Merry*, 113 Ind. 83; *Rooker* v. *Rooker*, 75 Ind. 571; *Mescall* v. *Tully, supra; Mohn* v. *Mohn*, 112 Ind. 285; *Wright* v. *Moody*, 116 Ind. 175.

The case of *Irwin* v. *Ivers, supra,* is, in its facts, similar to the case at bar. In that case Richard and Deborah Ivers

conveyed to William Ivers a tract of land in Darke county, in the State of Ohio, by deed, absolute on its face, with the express verbal agreement that the said William should sell the land and hold the proceeds in trust for the heirs of the said Richard and Deborah Ivers.   He sold the land and received therefor the sum of three hundred dollars.   In a suit by the heirs it was held by this court that they could not recover for the reason that an express parol trust in land could not be created.

In the case of *Wright* v. *Moody, supra,* it was said by this court:   " A court of chancery will not enforce an unexecuted imperfect trust, in favor of a volunteer.   When two persons, for a valuable consideration between themselves, covenant to do some act for the benefit of a volunteer, the latter can not enforce performance of the covenant against the two, although each one might as against the other."

This case does not fall within the rule announced in the cases of *Mohn* v. *Mohn, supra,* and *Thomas* v. *Merry, supra,* for the reason that there has been no subsequent promise to hold the proceeds of sale in trust for the appellant.   Indeed, the lands in which it is sought to have a trust declared have not yet been sold.

In our opinion the trust which the appellant is seeking to establish falls clearly within the statute above quoted, and is within the authorities cited above.   For this reason the court did not err in sustaining the demurrers of the several appellees to the complaint.

Judgment affirmed.

Filed Oct. 9, 1890.