Noe v. Roll *et al.*

There is no such lack of proof as will justify this court in reversing the judgment.

Judgment affirmed.

Filed March 30, 1893.

———————◆———————

· No. 16,203. •

## NOE v. ROLL ET AL.

ASSIGNMENT OF ERRORS.—*Joint Assignment.—When Must Fail.*—Where an assignment of error is that the court erred in sustaining demurrers to several (naming them) paragraphs of complaint, the assignment must fail if any one paragraph is bad.

PLEADING.—*Sufficiency of Complaint.—Trust.—Advancement.*—A paragraph of complaint seeking to quiet title and enforce an equitable lien against land was, in substance, that A. conveyed to B., the husband of C. (the daughter of A.), in trust and for the use of C., a certain tract of land as an advancement to her of a part of his (A.'s) estate; that B. paid no consideration therefor, and accepted the trust, and took possession of the land, and so held it until, with C.'s knowledge and consent, he sold the land and invested the proceeds in other lands, taking the deed in his own name, and held the same until his death; that each and all of the conveyances were made in good faith and without fraud; that B. at no time denied, but admitted, that he held the same for her use and benefit; that the defendants are heirs and creditors of B., and are claiming some interest in said land adverse to-C.  Wherefore, etc.

*Held,* that the paragraph of complaint was insufficient on demurrer, in failing to show the existence of a trust in favor of C.

From the Franklin Circuit Court.

*F. M. Alexander, W. H. Bracken* and *S. S. Harrell,* for appellant.

*J. F. McKee, J. I. Little* and *D. W. McKee,* for appellees.

HACKNEY, J.—The appellant sued the appellees, in the lower court, by complaint in nine voluminous para-

graphs. The court sustained a demurrer to each paragraph, and, upon reserving the question, this appeal is prosecuted. The error assigned is that "the court erred in sustaining demurrers to the first, second, third, fourth, fifth, sixth, seventh, eighth and ninth paragraphs of the complaint." This assignment does not present the ruling as to the sufficiency of the paragraphs severally, but calls in question the sufficiency of the entire complaint. Ketcham v. Barbour, Exec., 102 Ind. 576.

Therefore, if any one of the paragraphs is bad, the judgment must be affirmed.

The paragraphs, except the sixth and eighth, seek to quiet title, and the sixth and eighth seek to enforce an equitable lien against the land.

The fourth paragraph states substantially the facts relied upon in each of the paragraphs, and they may be stated as follows: . "In March, 1846, she was the daughter of John Volk, Sr., and the wife of Valentine Noe; that her father, desiring to make an advancement to her of a part of his estate, conveyed to her husband forty acres of land in Dearborn county, and thereafter, in 1857, with like desire, conveyed to him an additional forty acres in said county; that said two conveyances were made to her said husband to hold in trust for her and to her use and benefit; that he paid no consideration for said lands, and accepted and went into possession intending to execute such trust; that he so held until March, 1870, when, with her knowledge and consent, he sold and conveyed said lands for $4,700, which sum he received and thereafter expended in the purchase of 411 acres in Franklin county, in June, 1870; that the purchase price of said 411 acres was $10,000, and the balance over said $4,700 was paid from the rents and issues of said lands so purchased; that he occupied and cultivated said lands until his death, in 1880; that he

caused the deed therefor to be made to him, and held the same until his death, without in any manner providing for her interest in said lands; that each and all of said conveyances were made without fraud, and in good faith, and that her husband at no time denied that he held said several tracts of land in trust for her, but at all times admitted that he held the same for her use and benefit; that the appellees are heirs and creditors of her husband, and are claiming some interest in said 411 acres adverse to her, and she prays that her title be quieted.''

There is no allegation that the trust alleged was in writing, and it will be presumed to have been in parol. It nowhere appears that the 411 acre tract was purchased with her knowledge, consent, or direction, nor is it alleged that there was any agreement that Valentine Noe should hold the $4,700 in trust for appellant, or invest the same for her or upon her account. Nor does it appear that it was in any manner agreed that the lands so purchased should be conveyed to her or held in trust for her.

We do not hold that if such facts had been averred the complaint would have been sufficient, but we call attention to them as adding weakness to the paragraph.

Is the trust sought to be enforced an express trust, a constructive trust, or an implied trust?

The original trust, if any, is not alleged to have been by express agreement in writing or by parol, and if the trust there contended for is carried forward into the new purchase, by implication or by construction, it will be necessary to learn the character of such original trust.

The R. S. 1881, section 2976, is, in all essential respects, the same as the statutes of trusts and powers in force in 1846 and 1857. In *Rooker* v. *Rooker, Guar.*, 75 Ind. 571, it was held by this court that the following trusts were implied under that statute:

"1st. Where a conveyance is taken in the name of the alienee, without the consent of the party paying the purchase money.

"2d. Where the alienee, in violation of some trust, has purchased the estate with money not his own.

"3d. Where, by agreement, the party to whom the conveyance was made was to hold the land in trust for the party paying the purchase money, or some part thereof."

To bring the deed within the rule contemplated by the first of the implied trusts above, it must appear that it was taken in the name of the alienee without the consent of the party paying the purchase money. If we treat the appellant as standing in the relation of one paying the purchase money, she has failed to allege that the alienee, her husband, took the conveyance in his own name, without her consent. The same may be said if we should treat her father, the grantor, as occupying the relation of one paying the purchase money.

To bring the original conveyances within the second rule for the creation of an implied trust, it was necessary to allege that he purchased from appellant's father with her money and in violation of some trust then existing. No trust relation is alleged to have existed at that time, nor does it appear that any breach of trust or confidence was made by her husband in taking such conveyances.

No agreement is alleged in the paragraph under consideration, by which appellant, husband was to hold the land in trust. It is, therefore, not a trust arising under the third rule. The absence of an allegation of an agreement is emphasized by the brief of counsel for appellant in their argument that the facts created a trust without agreement.

Under the circumstances, as pleaded, but one other

trust could be contended for, and that is what is known as a constructive trust.

In *Wright, Guar.*, v. *Moody*, 116 Ind. 175, it is said, on page 179: "Nor is there any room for the application of the doctrine, sometimes resorted to under peculiar circumstances, for the creation of trusts by equitable construction. The element essential to create a constructive trust is, that fraud, either actual or constructive, must have intervened. Such trusts are raised by courts of chancery only in cases where it becomes necessary to prevent a failure of justice, and in most cases where there is no intention or agreement of the parties to create such a relation. *Cox* v. *Arnsmann*, 76 Ind. 210; *Tinkler* v. *Swaynie*, 71 Ind. 562; 1 Perry on Trusts, section 166; 2 Pom. Eq. Jur., section 1044."

The language of this court just quoted applies fully and forcibly to the case in hand. Not only is there a failure to allege fraud, but the absence of fraud, and the presence of the utmost good faith is expressly alleged. Instead of the absence of an intention to create the trust relation, it is expressly averred that the appellant's husband accepted the deeds, and entered into possession, for the purpose, and with the intention, of carrying out the trust.

The trust relation contended for by the appellant under the fourth paragraph of complaint is not defined as one of a different character from those we have indicated, and we confess our inability to define it. We must hold, therefore, that no trust in the Dearborn county land existed in favor of the appellant, and none was carried forward to impress itself upon the Franklin county lands.

It is not alleged that upon the sale of the Dearborn county lands any agreement was made by which a new trust arose in favor of the appellant in the funds derived from that sale; nor does it appear that any agreement

gave appellant an interest in the Franklin county lands; and having been unable to find an interest in her favor in the Dearborn county lands, she held no interest in the fund which, by reason of the reinvestment, gave her any equitable interest in the Franklin county lands.

Taking the several rules given for ascertaining the existence of a trust, and they apply to the purchase of the Franklin county land with equal force to that with which we have shown their application to the Dearborn county lands.

Nor is the case, so made, within the rule in *Mohn* v. *Mohn,* 112 Ind. 285, and *Thomas, Admr.,* v. *Merry,* 113 Ind. 83, where an unenforceable parol trust in lands was held sufficient consideration to support an agreement attaching such trust to the proceeds of the sale of the alleged trust estate. The absence of an original trust, and the failure to allege a new agreement, would clearly take the case out of the rule there affirmed.

It is insisted, by appellant's learned counsel, that the appellant must be held to have paid the purchase money for the Dearborn county lands, owing to her relationship to the grantor and the objects of the grant, and that having paid the purchase money, the trust is created. In support of this contention *Lord* v. *Bishop,* 101 Ind. 334, is cited.

In like cases she has been held a volunteer, and the claim here made has been denied. *Wright, Guar.,* v. *Moody, Exec., supra; Pearson* v. *Pearson,* 125 Ind. 341; *Stonehill, Exec.,* v. *Swartz,* 129 Ind. 310; *Gaylord* v. *City of Lafayette,* 115 Ind. 423; *Rooker* v. *Rooker, Guar., supra; Irwin* v. *Ivers,* 7 Ind. 308; *Fouty* v. *Fouty,* 34 Ind. 433.

In the case of *Lord* v. *Bishop, supra,* the conveyance was taken in the name of the alienee, without the consent of the party paying the purchase money, and, also, in violation of a trust conferred upon him to take

his mother-in-law's money and buy the land for her daughter, who was his wife.

As we have already shown, no trust was violated here, and the conveyance was made to the husband with the consent of all the parties.

All of the paragraphs, except the fourth, allege an express parol agreement by Valentine Noe to hold the Dearborn county lands in trust for the appellant. While it is not necessary to our decision, and we do not decide them insufficient, yet it may well be doubted if any one of them takes the case out of the general rule that parol trusts concerning lands shall not be created. Section 2969, R. S. 1881; *Stonehill, Exec.,* v. *Swartz, supra; Wright, Guar.,* v. *Moody, supra; Pearson* v. *Pearson, supra; Thomas, Admr.,* v. *Merry, supra; Mohn* v. *Mohn, supra; Mescall* v. *Tully,* 91 Ind. 96; *Dunn* v. *Dunn,* 82 Ind. 42; *Owens* v. *Lewis,* 46 Ind. 488; *Fouty* v. *Fouty, supra.*

The fourth paragraph of the complaint is clearly bad. The judgment of the lower court is affirmed.

Filed March 29, 1893.