The State, *ex rel.* Blanton *et al.*, *v.* Emmons *et al.*

———————◆———————

No. 10,160.

THE STATE, EX REL. BLANTON ET AL., *v.* EMMONS ET AL.

PLEADING.—*Action on Sheriff's Bond for Failure to Levy Execution.*—A complaint on the official bond of a sheriff for failure to make levy of an execution within the time required by section 719, R. S. 1881, which does not allege that the sheriff was not otherwise directed by the plaintiff or his agent, is insufficient.

SAME.—*Answer.*—*Demurrer.*—A bad answer is good enough for a bad complaint, and the overruling of a demurrer thereto is not available error.

From the Putnam Circuit Court.

*C. C. Nave*, for appellants.

*J. V. Hadley*, *E. G. Hogate* and *R. B. Blake*, for appellees.

ELLIOTT, J.—The relators' complaint charges that the appellee Emmons broke the condition of his bond as sheriff, by failing to levy an execution within sixty days from the time it came to his hands, although the execution debtor had property within the county subject to execution. The appellees answered in confession and avoidance, and a demurrer was overruled to their answer, and this is the ruling assigned for error.

Counsel for appellees insist that even if the answer is bad the ruling was right, because the complaint is fatally defective, and we think the position is well assumed.

The complaint attempts to make a case within the follow-

ing statutory provisions: "When an execution against the property of any person is issued to the sheriff, he shall serve said execution upon the defendant or defendants in said county, and levy the same, if not paid, upon property, and make at least one offer to sell property levied upon, within sixty days. after such execution comes to his hands, if property can be found, unless otherwise directed by the plaintiff or plaintiffs, or his or their agents.

"If any sheriff shall neglect or refuse to levy upon or sell any property justly liable to execution when the same might have been done, he shall be amerced to the value of such property, not to exceed the amount necessary to satisfy the execution." R. S. 1881, secs. 719, 783.

The complaint does not allege that directions were not given the sheriff by the execution plaintiff, and for this reason the pleading is bad. It is necessary for the complaint in such a case as this to aver that the sheriff was "not otherwise directed by the plaintiff or his agent." *Montgomery* v. *State, ex rel.*, 53 Ind. 108, and authorities cited.

As the complaint is bad, it is immaterial whether the answer is good or bad, for a bad answer is good enough for a bad complaint.

Judgment affirmed.

Petition for a rehearing overruled.