Bowen *v.* Striker *et al.*

Filed Jan. 23, 1885.

---

### No. 11,629.

### BOWEN *v.* STRIKER ET AL.

PLEADING.—*Bad Answer Sufficient for Bad Complaint.*—Where a demurrer is overruled to a bad answer, the plaintiff can not avail himself of the error if his complaint is insufficient.

TAX SALE.—*Failure of Title.*—*Rate of Interest.*—*Statute Construed.*—Under the proviso to section 3 of the act of March 5, 1883 (Acts 1883, p. 95), amending section 6497, R. S. 1881, which latter section repealed section 257 of the act of December 21, 1872, a purchaser at tax sales in 1867 and 1871, upon the failure of his title in a trial had after such act of 1883 went into effect, is entitled to recover interest only at the rate of six per cent. per annum, as provided by the statute in force at the date of such sales.

SAME.—*Tax Deed.*—*Must be Witnessed by County Treasurer.*—There can be no recovery of land under a tax title, even on a sufficient complaint, if the tax deed be not witnessed by the county treasurer, as required by the statute authorizing the execution of such deed.

From the Carroll Circuit Court.

*J. Applegate* and *C. R. Pollard*, for appellant.

*L. B. Sims, G. R. Eldridge* and *J. L. Sims*, for appellees.

NIBLACK, J.—Complaint by Abner H. Bowen against Peter Striker, Eliza Doggett, Dora Sampson, Anna Sampson and James Sampson to quiet title to two tracts of land in Carroll county. The plaintiff claimed to have become the purchaser of one of these tracts, and a part of the other, at

a sale for delinquent taxes in February, 1867, and of what remained of the last named tract at a similar sale in February 1871, the taxes in each instance being assessed against Striker as the owner of the lands, and to have received tax deeds in pursuance of his several purchases in the year 1879, by reason of all which he was the owner of both of the tracts of land described in his complaint. The defendants, other than Striker, were summoned to answer as to some supposed after-acquired interests in the lands in controversy.

Upon a former appeal to this court, the judgment was reversed upon a question involving the construction of the statute of limitations. *Bowen* v. *Striker*, 87 Ind. 317. After the cause was remanded, the circuit court overruled demurrers to certain amended special paragraphs of answer, and after issue joined, both by answers in general denial, as well as upon the special paragraphs to which demurrers were overruled, the cause was submitted to the court for trial, when a finding was made that the plaintiff's title to the lands in dispute was invalid, but that there was due to him for purchase-money paid at the respective tax sales, and for interest which had accrued thereon, the aggregate sum of $523.20, for which a judgment was rendered in his favor, declaring the sum of $313.10 of such aggregate amount to be a lien upon one of the tracts of land, and the remaining sum of $210.10 to be a lien upon the other tract.

The plaintiff, again appealing, assigns error upon the overruling of his demurrers to two of the amended special paragraphs of answer, upon the refusal of the court to grant him a new trial, and upon the form of the judgment which was rendered in his favor.

The special paragraphs of answer, to which it is insisted demurrers ought to have been sustained, tendered issues concerning the validity of the plaintiff's claim of title to the lands in suit. When this cause was before us upon the former appeal, we held that the complaint failed to show a full compliance with all the provisions of the statute regulating the

sale of lands for delinquent taxes, and that, for that reason, the plaintiff's title, based upon his purchases at the tax sales, was invalid. The conclusion then reached in respect to the invalidity of the complaint became the law of this case, and as the complaint has not been since amended, it must still be regarded as having constituted an insufficient claim of title to the lands. Conceding, therefore, the special paragraphs of answer to have been bad upon demurrer, the plaintiff had no cause to complain of the rulings of the circuit court upon them, since a bad answer is always a sufficient answer to a bad complaint.

It is claimed that the plaintiff ought to have been allowed interest on the amounts paid by him as purchase-money for the lands at the tax sales at the rate of twenty-five per centum per annum; that as interest was allowed him at a much less rate than twenty-five per cent., the amount found to be due him was too small, and that, on that account, the circuit court erred in refusing to grant him a new trial.

There is nothing in the record expressly showing the rate at which interest was computed in ascertaining the amount considered to be due the plaintiff upon his lien for taxes paid by him, but it is conceded in argument that the rate of interest allowed was much below twenty-five per cent. per annum. If section 257 of the act of December 21st, 1872, 1 R. S. 1876, p. 129, were still in force, then, under the construction given to that section in the case of *Flinn* v. *Parsons*, 60 Ind. 573, the plaintiff would have been entitled to interest at the rate of twenty-five per cent. per annum, but that section was repealed by the substitution of section 6497, R. S. 1881, which latter section has since been amended by the third section of the act of March 5th, 1883 (Acts 1883, page 95), with a proviso attached as follows: "*Provided,* That nothing herein contained shall be construed to increase the rate of interest allowed the purchaser, in case of failure of tax title, under the law in force at the time when such sale or sales were made. But in all such cases, if the title fails in any pro-

ceeding, the purchaser shall recover the amount of taxes due on the land, with interest at the rate per centum per annum allowed by the law, in case of the failure of his tax title, in force at the date of such sale or sales." This provision, as will be observed, contains no saving clause as to suits then pending, or as to rights of action which had theretofore accrued. It became, therefore, applicable to and a rule of decision for all cases of the class to which it refers, which might be thereafter tried and determined. *Flinn* v. *Parsons, supra.* By the statute in force at the time the tax sales relied on by the plaintiff in this case took place, simple interest only was allowed to the purchaser in case of the failure of his tax title. 1 G. & H. 111, section 173. It follows, that at the time of the trial of this cause the plaintiff was not entitled to recover interest at a rate greater than six per cent. per annum, and that a new trial was properly refused on the ground upon which it was demanded.

The objection urged to the form of the judgment is that it should have been for the recovery of the lands, instead of for a specific sum of money and the enforcement of a lien upon the lands.

What we have said as to the insufficiency of the complaint as a claim of title to the lands, fully answers that objection. If, however, the complaint had been sufficient as a claim of title, the evidence failed to make a proper case for the recovery of the lands in at least one essential respect, and that was, the tax deeds read in evidence were not witnessed by the county treasurer as was and still is required by the statute authorizing the execution of such deeds. 1 R. S. 1876, 123, section 224.

The judgment is affirmed, with costs.

Filed Jan. 20, 1885; petition for a rehearing overruled March 20, 1885.