## ALEXANDER *v.* SPAULDING ET AL.

[No. 19,704.   Filed March 10, 1903.]

PLEADING.—*Answer.*—Where the complaint is insufficient, it is immaterial whether the answer is good or bad, since .there is no office for an answer to  perform until the plaintiff has stated a cause of action against the defendant.   *p. 180.*

TRUSTS.—*Suit  to  Enforce.—Implied  Trust.*—Where the trust relied upon in a complaint is not alleged to be in writing, it will be presumed that it was in parol, and arises by implication from the facts averred.   *p. 180.*

Alexander *v.* Spaulding.

Trusts.—*Implied Trust.—Constructive Trust.—Complaint.*—The surviving husband of one of decedent's children instituted proceedings against the other children to recover his share of certain real estate. The complaint averred that prior to his death decedent had purchased certain lands and had them deeded, without consideration, to defendants to be held in trust for him; that afterwards he traded the lands for other described lands, and, without consideration, had the deed of conveyance made to defendants, leaving the same a secret trust for himself and his heirs. The complaint did not contain allegations that decedent had furnished the purchase money, and that the deed had been placed in grantees' names without their father's consent; nor was it alleged that defendants purchased the land in violation of a trust, nor that defendants had received the conveyance by agreement, without fraudulent intent. *Held,* that the complaint did not state facts showing an implied trust, within the meaning of §§3396, 3398 Burns 1901. *Held,* also, that the complaint does not state facts amounting to a constructive trust. *pp. 180; 181.*

Appeal.—*Insufficient Evidence.—Bad Answer.*—Where the plaintiff fails to make out a case in the trial court, he can not complain on appeal that defendant's answer was insufficient. *pp. 181, 182.*

Trusts.—*Money Derived from Sale of Trust Land.*—Where there is no enforceable trust in land, an enforceable trust will not arise in the money derived from the sale of the land. *p. 182.*

Evidence.—*Will as Evidence.*—In a suit by an heir, where it is sought to show that certain lands held by the other heirs was held in trust for all the heirs of testator, the will of such testator, which tended to support defendants' contention that there was no trust, is admissible in evidence. *p. 182.*

From Wells Circuit Court; *C. W. Watkins,* Special Judge.

Suit by Marcellus Alexander against Dustan M. Spaulding and another. From a judgment for defendants, plaintiff appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*A. L. Sharpe* and *C. E. Sturgis;* for appellant.

*J. S. Dailey, Abram Simmons* and *F. C. Dailey,* for appellees.

Hadley, C. J.—Suit by appellant to recover money alleged to be held in trust by appellees.

In substance, it is alleged in the complaint that Franklin Spaulding, in February, 1874, died intestate in Wells

county, Indiana, leaving Dustan and Albert Spaulding (appellees), Laura Alexander, and three other children, his only heirs at law. Appellant, as surviving husband, has, by descent, succeeded to the rights of Laura Alexander; that prior to his death, to wit, in October, 1867, Franklin Spaulding purchased certain described lands in Wells and Blackford counties, "and had the same conveyed to the defendants [appellees] to hold in trust for him.    *    *    * That afterwards the said Franklin Spaulding traded said lands for other described lands in Blackford county, and had the deed of conveyance made to the defendants [appellees], leaving the same in secret trust to said defendants, for himself, and his heirs aforesaid; that said defendants never paid any consideration for said lands whatever, and the same were the lands of the decedent, and belonged to his estate at the time of his death." Appellees administered upon the estate of their father, and afterwards, to wit, in October, 1875, they sold the lands last described for $6,400, and received the money; that after the sale appellees paid to each of the heirs of Franklin Spaulding, except the plaintiff (appellant), their distributive shares of the $6,400; that there is due the plaintiff one-sixth part of the $6,400; that appellees kept the trust concealed, and appellant learned of it for the first time in 1898, when he immediately demanded his share; that when demanded, appellees denied the trust, and denied that they owed him money on any account. Wherefore, etc. Upon issues joined there was a trial by the court, a special finding of facts and conclusions of law adverse to appellant, and, over his motion for a new trial, judgment was rendered against him for costs. Error is assigned upon the overruling of the demurrer to the fifth paragraph of answer, overruling exceptions to the conclusions of law, and overruling the motion for a new trial.

So far as material to the controlling question in the case, the special finding shows that Franklin Spaulding, the

ancestor, on June 19, 1866, conveyed to appellee Dustan M. Spaulding, his son, all the property he possessed, both real and personal, the said Franklin at the time of the conveyance being indebted to creditors in the aggregate sum of $11,150. The consideration of the conveyance was that Dustan was to assume and pay all the said outstanding indebtedness of his father, and to pay to his two sisters (including Laura, the deceased wife of appellant) and to his brother Benjamin each $1,000, and to his father, $500 each year during life. At the time of this arrangement and transfer, appellee Albert Spaulding was a minor, and his father further stipulated that if Albert should assist his brother Dustan in the payment of said indebtedness of $11,150, and in the performance of the other considerations, Dustan should thereupon transfer to Albert an undivided one-half interest in all the property conveyed. After the execution of the above deed Dustan entered into the possession of all the real estate and personal property as his own, and continued thereafter to occupy and farm the real estate, and in 1872 conveyed and transferred an undivided one-half interest in all of said property to his brother Albert (appellee), and the two paid to their two sisters (including Laura) and to their brother Benjamin each $1,000, and to their father, Franklin, $500 per annum during the remainder of his life. In 1870 appellees purchased the real estate in controversy for $5,400, and in part payment thereof conveyed to their grantor a certain sixty-acre tract in Blackford county, owned by them in their own right, for $3,150, and for the balance of the purchase price executed to their grantor their promissory notes aggregating $2,250, and which notes appellees subsequently paid with their own money. In 1875 appellees sold the land in controversy for $6,400.

The conclusion at which we have arrived makes it unnecessary for us to consider the sufficiency of the fifth paragraph of answer.

The complaint fails to set forth a good cause of action. And there being no sufficient complaint, it is immaterial whether the answer is good or bad, since there is no office for an answer to perform until the plaintiff has stated a cause of action against the defendant. *State, ex rel.,* v. *Emmons,* 88 Ind. 279; *Bowen* v. *Stricker,* 100 Ind. 45; *Ice* v. *Ball,* 102 Ind. 42-47; *Louisville, etc., R. Co.* v. *Badenschate,* 141 Ind. 251, 263; *Carmel Nat. Gas, etc., Co.* v. *Small,* 150 Ind. 427; *Hiatt* v. *Town of Darlington,* 152 Ind. 571.

It is averred in the complaint that Franklin Spaulding purchased certain lands, and "had the same conveyed to the defendants to hold in trust for him," and afterward traded said lands for other lands, and "had the deed of conveyance made to the defendants, leaving the same in secret trust to said defendants, for himself and heirs aforesaid; that said defendants never paid any consideration for said lands whatever, and the same were the lands of the decedent and belonged to his estate at the time of his death." The foregoing are the only averments in the complaint relating to a trust of any character. It is not charged that the trust relied upon is in writing, or that it rests upon an agreement, hence we must assume that it was in parol (*Ice* v. *Ball, supra; Noe* v. *Roll,* 134 Ind. 115), and that whatever trust exists, if any, arises by implication from the facts averred.

Implied trusts under the statute (§§3396, 3398 Burns 1901) are of three kinds: (1) " 'Where a conveyance is taken in the name of the alienee, without the consent of the party paying the purchase money. (2) Where the alienee, in violation of some trust, has purchased the estate with money not his own. (3) Where, by agreement, the party to whom the conveyance was made, was to hold the land in trust for the party paying the purchase money, or some part thereof.' " *Noe* v. *Roll, supra.* The complaint is not good under the first class of implied trusts, because it is not

alleged that in either the first or second conveyance set forth therein, Franklin Spaulding furnished the purchase money, or that the deed was taken in appellees' names without their father's consent. It is not good under the second class, for failure to aver that appellees purchased the land in violation of some existing trust, or with money belonging to their father. It is likewise insufficient under the third class, for the absence of averment that Franklin Spaulding paid the purchase money, or some part thereof, and that appellees received the conveyance by agreement, without fraudulent intent, to hold the land in trust for their father.

Under the complaint the only other kind of trust that can be thought of is what is known as a constructive trust. The facts alleged do not amount to a constructive trust, because such have their roots in actual or legal fraud, and generally arise in cases where there is no intention to create a trust. *Wright* v. *Moody,* 116 Ind. 175; *Jackson* v. *Landers,* 134 Ind. 529; *Orth* v. *Orth,* 145 Ind. 184, 200, 32 L. R. A. 298, 57 Am. St. 185; *Meredith* v. *Meredith,* 150 Ind. 299.

No fraud is charged from beginning to end, and no such a state of facts pleaded as calls for the interposition of a court of equity to prevent the failure of justice. The averments, in effect, are that the father purchased land, and had it conveyed to appellees in trust for him, and afterwards traded the first purchase for another tract, and had it conveyed to appellees in secret trust for him and his heirs, from which is implied that the parties attempted, by an undefined and imperfect parol agreement, to create some sort of a trust relation in land, the transaction being such as is denounced by the statute, and a court of equity will not undertake to unravel and enforce by construction.

Another view: Conceding that a trust of some character is well alleged in the complaint, still the quality of the an-

swer 'remains unimportant, because the special finding of
facts clearly shows that appellant fell far short of proving
his complaint or of establishing a trust of any class.   The
finding is that the land in which it is averred the trust re-
posed was purchased by appellees, and fully paid for by
them, by conveyance to their grantor of sixty acres of
other land owned by them and held in their own right, and
$2,250 of their own notes, which they afterwards paid
with their own money.   The plaintiff having failed to make
out a case, the defendant was not called upon for a defense,
and it was therefore a matter of no consequence to the plain-
tiff what quality of answer the defendant had, or whether he
had any at all.   From the facts specially found the court
concluded that the law was with the defendants (appellees),
and that they were entitled to judgment for their costs.
This was clearly right.   There being no enforcible trust in
the land, an enforcible trust will not arise in the money
derived from a sale of the land.

The record shows that in 1865 Franklin Spaulding,
being then the owner of considerable real and personal
property, executed his will, bequeathing certain specific
legacies to his two daughters (including the said Laura)
and to his son Benjamin, and the remainder of all his
property to appellees.   Five years later he conveyed by deed
all his said property, real and personal, to appellees, they
agreeing to pay, as the consideration therefor, more than
$11,000 of their father's debts, and to pay him $500 each
year during life, and to their two sisters and brother Ben-
jamin the same amount of money as was bequeathed to
them by their father's said will; the lands so conveyed to
appellees being the same lands which are alleged to have
been impressed with the trust that is here sought to be
enforced in the proceeds arising from the sale thereof.
Over appellant's objection, the court admitted said will in
evidence.   The will tended to support appellees' conten-
tion that the conveyance to them by their father was a

*bona fide* sale, and not the creation of a trust, and was, therefore, competent.

The evidence sustains the findings of fact. We find no error. Judgment affirmed.