## GENERAL CONVENTION OF THE NEW CHURCH IN THE UNITED STATES ET AL. *v.* SMITH ET AL.

[No. 7,887. Filed January 9, 1913.]

1. TRUSTS.—*Establishment.—Complaint.—Sufficiency.*—A complaint to declare a trust in relation to real estate is insufficient under §4012 Burns 1908, §2969 R. S. 1881, where no writing, on which the action should be founded, is filed with or made a part thereof. p. 137.

2. TRUSTS.—*Creation.—Wills.—Construction.*—A bequest of a note for the express purpose of building a New Jerusalem Hall and Library on the lot devised by testator to his brother, with direction that the note be paid out of the first moneys derived from the estate does not create a trust in personalty. p. 137.

3. TRUSTS.— *Creation.— Wills.— Complaint.— Sufficiency.*— A complaint alleging that a bequest of a note for $2,000 had been made by a testator for the purpose of erecting a New Jerusalem Hall and Library for the benefit of plaintiffs on a lot devised by the testator to his brother, and that such brother used the proceeds of the note in erecting a hall and library on such lot, which was used by plaintiffs for about twenty years, but not averring that it was testator's intention that the title to the property should ever pass to plaintiffs, or that testator's brother ever promised him to convey such title to plaintiffs, and not showing that the alleged trust was to continue for any definite or indefinite period of time, is insufficient on demurrer, since, if any trust is shown to have been created, it is not shown that the same has not been fully terminated. p. 138.

4. TRUSTS.— *Establishment.— Parol Evidence.*— The rule that a trust in an absolute legacy may be shown by parol applies only in case of actual or constructive fraud. p. 138.

5. TRUSTS.—*Establishment.—Parol Evidence.*—Where money is intrusted in parol to one person to be invested in real estate for the benefit of another, a volunteer, such volunteer cannot, in the absence of fraud, enforce such trust. p. 139.

From Howard Circuit Court; *H. J. Paulus,* Special Judge.

Action by the General Convention of the New Church in the United States and others against Alzora Nativa Smith and others. From a judgment for defendants, the plaintiffs appeal. *Affirmed.*

*Stanley W. Merrell* and *Morrison & McIntosh,* for appellants.

*M. Bell, John E. Moore* and *Blacklidge, Wolf & Barnes,* for appellees.

IBACH, C. J.—This is a suit by appellants against appellees, the heirs of George W. Defenbaugh, on a complaint in six paragraphs. Each paragraph is long, and we deem it unnecessary to set them out in full. It is sufficient

1. to say that the first four paragraphs are clearly to declare a trust in a certain lot located in Kokomo, Indiana, which had been conveyed by Lewis Defenbaugh to his brother George W. Defenbaugh, and yet no writing of any kind, which is necessarily the foundation of such a suit, is filed with or made a part of any paragraph founded on this theory. To hold any of these paragraphs sufficient when assailed by demurrer would be in opposition to §4012 Burns 1908, §2969 R. S. 1881, and in direct conflict with the decisions of the Supreme Court. *Grimes' Execs.* v. *Harmon* (1871), 35 Ind. 198, 9 Am. Rep. 690; *Ransdel* v. *Moore* (1899), 153 Ind. 393, 399, 53 N. E. 767, 53 L. R. A. 753; *Ellison* v. *Ganiard* (1906), 167 Ind. 471, 486, 79 N. E. 450, and cases cited.

By the averments of the fifth and sixth paragraphs of the complaint, appellants seek to show facts estab-

2. lishing a trust in personalty, and rely principally on the third item of the will of Lewis Defenbaugh, which is as follows:

I give and devise to my beloved brother George W. Defenbaugh of Howard county, Indiana, a certain promissory note, given by myself to my brother for two thousand dollars, due one year from date hereof, and now in deposit with the banking house of Russell-Dol-

man and Company of Kokomo, Indiana. This bequeathment is made for the express purpose of building a New Jerusalem Hall and library on the lot I have bequeathed to him, and direct that the note be paid out of the first moneys derived from my estate, after,'' etc.

We fail to observe anything in this item of the will (and this is the only part of the will referred to in the complaint) which tends toward the establishment of a trust in favor of plaintiffs or others.

The facts averred in the last two paragraphs of complaint, and relied on as establishing a trust, when summed up briefly are that George W. Defenbaugh by the terms of his brother's will obtained the sum of $2,000, which he was to use, and promised to use, in building a New Jerusalem hall and library for the benefit of appellants, on the lot given to him by the same brother. It is nowhere averred that it was Lewis Defenbaugh's intention that the title to this property should ever pass to plaintiffs, nor that George W. Defenbaugh ever promised him to convey such title to plaintiffs. Nor does it appear that the trust for the use and benefit of plaintiffs was to continue for any definite or indefinite period of time. It is averred. that George W. Defenbaugh, with the proceeds of the note bequeathed to him, in 1888 erected on the lot given to him by his brother a hall and library which were used by plaintiffs for about twenty years. So far as the averments of the complaint show, the purposes of the bequest were fully carried out by the erection of this building, of which plaintiffs had the use and benefit for nearly twenty years, and it does not appear that they are still entitled to its use and benefit. In other words, it does not appear that the trust, if any was created, has not been fully terminated.

Appellant has cited several cases, among them *Ransdel* v. *Moore, supra,* and *Winder* v. *Scholey* (1910), 83 Ohio St. 204, 93 N. E. 1098, 33 L. R. A. (N. S.) 995, to the effect that a trust in an absolute legacy may be shown by parol. This rule applies only in case of actual or

constructive fraud. But in the present case, appellants have not averred sufficient extrinsic facts to show that the legacy in the will was given on any further trust than was executed.

In the absence of fraud, it is held that where money is intrusted in parol to one person to be invested in real estate for the benefit of another, a volunteer, such volunteer

5. cannot enforce such trust. *Rooker* v. *Rooker* (1881), 75 Ind. 571; *Teele* v. *Bishop of Derry* (1897), 168 Mass. 341, 47 N. E. 422, 38 L. R. A. 629, 60 Am. St. 401; *Miller* v. *Coulter* (1901), 156 Ind. 290, 293, 59 N. E. 853; *Alexander* v. *Spaulding* (1903), 160 Ind. 176, 66 N. E. 694; *Orth* v. *Orth* (1896), 145 Ind. 184, 206, 42 N. E. 277, 44 N. E. 17, 32 L. R. A. 298, 57 Am. St. 185. The court did not err in holding that each paragraph of the complaint was insufficient.

Judgment affirmed.

NOTE.—Reported in 100 N. E. 384. See, also, under (1) 31 Cyc. 556; (2) 39 Cyc. 57; (3) 39 Cyc. 620; (4) 39 Cyc. 631; (5) 39 Cyc. 46. As to the creation of trusts in land, see 115 Am. St. 774. For a discussion of an implied trust arising from a testamentary gift secured by the promise of the donee to hold for the benefit of another, see 21 Ann. Cas. 1384.