## PRICE *v*. BRITTAIN ET AL.

[No. 11,278.    Filed January 12, 1923.    Rehearing denied June 28, 1923.]

1. HUSBAND AND WIFE.—*Deed by Wife.—Failure of Husband to Join.— Validity.— Statutes.—* Under §7853 Burns 1914, §5117 R. S. 1881, a married woman has no power to convey her separate real estate except by deed in which her husband joins.  p. 296.

2. HUSBAND AND WIFE.—*Deed from Wife to Husband.—Validity.—*A deed from a wife directly to her husband is void. p. 296.

3. HUSBAND AND WIFE.—*Married Women.—Estoppel in Pais.—* While a married woman is bound by an estoppel *in pais*, some element of fraud, misrepresentation or concealment must enter into her conduct so that the estoppel shall be predicated upon tort, and not upon contract.  p. 296.

4. HUSBAND AND WIFE.—*Wife's Deed to Husband.—Attack by Wife on Validity.—Estoppel.—*A married woman and one claiming under her, *held* not estopped to challenge the validity of a deed signed by her alone to convey title to her husband, in the absence of fraud, misrepresentation or concealment.  p. 297.

5. TRUSTS.—*Resulting Trust.—Husband Buying Land Conveyed to Wife.— Presumptions.—* Where a husband purchased and paid for land, and caused it to be deeded to his wife, no resulting trust was created in his favor, in the absence of a valid agreement that she should take and hold the title in trust for him, as provided by §4019 Burns 1914, §2976 R. S. 1881, or of any finding or evidence as to why the deed was so made, it being presumed that he intended the land to be conveyed to her as a provision for her support and benefit.  p. 297.

From Greene Circuit Court; *Thomas Van Buskirk,* Judge.

Action by Alice B. Price against George W. Brittain and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*W. L. Slinkard,* for appellant.

*Webster V. Moffett, Willis Hickam, Cyrus E. Davis* and *Guy H. Humphreys,* for appellees.

REMY, J.—In 1885, George W. Brittain, with his own money, purchased the land in controversy, but caused the title to be placed in the name of his wife Minervah J. Brittain, who immediately took possession of the land, and with her husband resided thereon until her husband's death in February, 1895. On August 3, 1889, Minervah J. Brittain, executed and delivered to her said husband her warranty deed for the land, which deed was signed only by herself. In 1894, George W. Brittain executed his will by the terms of which he gave a life estate in all of his "property both personal and real" to his said wife, except the sum of $5 each to three of his children. He also provided that the fee of the real estate devised to his wife for her life should at her death go to his daughter Charlotta Snyder and appellant, a granddaughter, share and share alike. Soon after the death of George W. Brittain, his will was probated. At the time of making his will, and continuously till his death, George W. Brittain owned real estate other than the land in controversy. In 1914, Minervah J. Brittain executed her will, and without specific description "devised and bequeathed" all of her property "both personal and real" to certain of her grandchildren, and expressly provided that appellant and Charlotta Snyder should not participate in her estate. At the time of the execution of her will, and at the time of her death, Minervah J. Brittain did not own

the fee simple of any real estate, unless it be the land in controversy which by her separate deed she had conveyed, or sought to convey, to her husband in 1889.

This is a suit by appellant against appellees to quiet her title to the real estate purchased by George W. Brittain in 1885, the title to which he, at the time, caused to be conveyed to his wife. It is averred in the complaint that before the commencement of the suit Charlotta Snyder had quitclaimed to appellant any interest she had in the real estate.

The court trying the case found specially the facts above stated, and stated as a conclusion of law that "the real estate described in plaintiff's complaint belonged to Minervah J. Brittain at the time of her death," and judgment was rendered accordingly.

Appellant's claim depends upon the validity of the separate deed of Minervah J. Brittain to her husband on August 3, 1889, purporting to convey to him the real estate here in controversy. If that deed was a valid conveyance, appellant must prevail, otherwise the judgment must be affirmed.

Under the statutes, as well as the decisions of the courts of appeal, of this state, a married woman has no power to convey her separate real estate except by deed in which her husband shall join. §7853 Burns 1914, §5117 R. S. 1881; *Johnson* v. *Jouchert* (1890), 124 Ind. 105, 24 N. E. 580, 8 L. R. A. 795; *Cook* v. *Walling* (1889), 117 Ind. 9, 19 N. E. 532, 2 L. R. A. 769, 10 Am. St. 17. It has been decided by the Supreme Court and this court that a deed from a wife directly to her husband is void. *Luntz* v. *Greve* (1885), 102 Ind. 173, 26 N. E. 128; *McCord* v. *Bright* (1909), 44 Ind. App. 275, 87 N. E. 654. It is urged by appellant that, since the statute provides that a married woman "is bound by an estoppel *in pais* like any other person," therefore Minervah J. Brittain was, and

that appellant who claims through her is now, as to the deed of August 3, 1889, estopped to question the validity of such deed to convey title. While it is true that a married woman is bound by an estoppel *in pais* as any other person, she is, as held by the Supreme Court in *Cupp* v. *Campbell* (1885), 103 Ind. 213, 2 N. E. 565, "not to be estopped in any manner different from any other person. Some element of fraud, misrepresentation or concealment must enter into her conduct, so that the estoppel shall be predicated upon tort, and not upon contract."

In the execution of the deed by Minervah J. Brittain to her husband, it is not contended that there was any fraud, misrepresentation, or concealment. Under the facts in this case we hold that the doctrine of estoppel *in pais* has no application.

4.

A further contention of appellant is that, when George W. Brittain purchased and paid for the land, and caused the same to be deeded to his wife, a resulting trust was created in his favor, and that his wife as trustee could, and did by her deed of August 3, 1889, convey the real estate to him in execution of such trust. If at the time the conveyance of the land was made to Minervah J. Brittain in 1885, there had been a valid agreement that Minervah J. Brittain should take and hold the title in trust for her husband, there being no fraud, there would be merit in appellant's contention. §4019 Burns 1914, §2976 R. S. 1881; *Moore* v. *Cottingham* (1882), 90 Ind. 239. However, the facts found by the court show no such agreement. The finding is that George W. Brittain paid the consideration for the land and caused the same to be conveyed to his wife. There is no finding, and no evidence in the record, as to why the deed was so made. Under such circumstances, it will be presumed that Brittain intended the land to be conveyed

5.

to his wife as a provision for her support and benefit. *Koehler* v. *Koehler* (1919), 75 Ind. App. 510, 121 N. E. 450, and cases there cited. No resulting trust was created.

The trial court rightly found that the land belonged to Minervah J. Brittain on the date of her death.

Affirmed.