DAVIA ET AL. *v.* BANKERS TRUST COMPANY, TRUSTEE, ET AL.

[No. 15,971. Filed May 2, 1939.]

*Call & Call,* for appellants.

*Louis H. George* and *J. Edwin Smith,* for appellees.

BRIDWELL, J.—This appeal is from a judgment in favor of appellees Steve G. Crokos and Louis H. George, rendered in an action brought by them and the Bankers Trust Company, Trustee, against appellants and all other appellees, for the foreclosure of a second real estate mortgage executed by appellant Marcello Gerometta and his wife, the appellee Marie E. Gerometta,

and given to secure the payment of a note for the sum of $7,750.00, executed by said Marcello Gerometta only. All parties to the appeal, other than the Geromettas, were made defendants to the complaint, to answer to any interest they might claim or have in and to the real estate described in the mortgage, and a personal judgment was prayed against the said Geromettas, but no such judgment was granted. During the closing of the issues, demurrers were sustained to the fourth paragraph of the separate answer of appellant Marcello Gerometta, and to the amended cross-complaint of the appellant Albano Davia. Exceptions to each of these rulings were duly reserved by the party adversely affected. The cause was tried by the court, and, upon request therefor, the court made its special finding of facts, and stated conclusions of law thereon, to which conclusions the appellants separately excepted. Judgment in accordance with the conclusions of law followed. Appellants duly filed their motion for a new trial, which was overruled, and this appeal thereafter perfected. Separate assignments of error were filed, appellant Gerometta assigning as error that the court erred in sustaining the demurrer to his fourth paragraph of answer, and in overruling the motion for a new trial. Appellant Davia assigns as error the sustaining of the demurrer to his amended cross-complaint, and the overruling of the motion for a new trial.

The facts averred in the fourth paragraph of answer of Gerometta, and the amended cross-complaint of appellant Davia are substantially the same, the two pleadings differing chiefly in the relief demanded. Appellants state that identical legal questions are raised by the errors assigned, and by reason of this fact, it is only necessary that we set forth herein one, or the substance of one of the two pleadings to which demurrer was sustained.

Omitting its formal parts, the amended cross-complaint of appellant Davia is as follows:

"For amended cross-complaint herein, Defendant, Albano Davia, alleges and says that he became the owner of the real estate and improvements thereon involved herein on January 3, 1930, by conveyance thereof from Defendants, Marcello Gerometta and Marie E. Gerometta, in consideration of the cancellation and discharge of a certain indebtedness then due this cross-complainant from said Gerometta and Gerometta. That said improvements consist of a two-story brick store and apartment building on said real estate and that the plaintiff, Steve G. Crokos, was at said time an occupant in said building as a lessee therein and has continuously since said date operated, as a lessee in said building, a restaurant therein. This cross-complainant further says that on said January 3, 1930, he employed said Marcello Gerometta as his agent, to operate and manage said building and for the further purpose of refinancing and remodeling the same and that said Marcello Gerometta has continuously since said date operated and managed said building as the agent and employee of this cross-complainant. Cross-complainant further says that on or about the 11th day of March, 1932, the first mortgage, as described in plaintiff's second amended complaint herein, upon said real estate, being then delinquent, the rents and profits of said real estate and improvements were assigned to the owners and holders of said first mortgage and ever since said date have been turned over to them for application upon said first mortgage. Cross-complainant further says that said real estate and building are attractive, well located and of a value far in excess of the amount of the indebtedness thereon and that this cross-complainant, as aforesaid, employed said Marcello Gerometta, not only to manage and operate said building but also to refinance said property and to remodel same so as to increase its market and income-producing value. That throughout the said entire period of time and up until shortly before the filing of plaintiffs' complaint herein, this cross-complainant's said employee, Marcello Gerometta and Plaintiff, Steve G. Crokos, had been close friends and associates, not

only because they came in contact with each other through the operation and management of said building, but because they were close personal friends and valued each other's friendship, society and business counsel and advice. That said Marcello Gerometta throughout said entire period of time, spent a great deal of his time at the restaurant of said Steve G. Crokos, in friendly conversation with him, and that each of them took the other into confidence and freely gave each other counsel and advice in business matters, and freely discussed their confidential and business affairs. That the said Marcello Gerometta, the agent of this cross-complainant, often told said Steve G. Crokos, that he had been employed by this cross-complainant as his agent to refinance said building and to remodel same as aforesaid and throughout said entire period of time also freely discussed with said Steve G. Crokos, the plans which this cross-complainant had for remodeling said building so as to increase its said value and often exhibited to said Steve G. Crokos the printed and drawn plans which this cross-complainant and his said agent Marcello Gerometta had prepared for so remodeling said building. Cross-complainant further says that in furtherance of this said employment by this cross-complainant, said Marcello Gerometta did carry on in this cross-complainant's behalf, throughout a long period of time, negotiations with Bankers Trust Company of Gary, Indiana, as Trustee, the owner and holder of said second mortgage, for the cancellation and release thereof, at a substantial discount and throughout the period of said negotiations, freely and continuously repeatedly discussed said negotiations with his supposed friend and associate, the said Steve G. Crokos, and told him that he was carrying on such negotiations as the agent of this cross-complainant. That eventually as a result of said negotiations said Bankers Trust Company as Trustee offered to said Marcello Gerometta, as the agent of this cross-complainant, to release and satisfy said second mortgage in full for the sum of One Thousand ($1,000.00) Dollars and thereupon this cross-complainant and his said agent made and completed at great cash expense to this cross-complainant arrangements to procure said $1,000.00 upon a new second mortgage loan

upon said property. That throughout the period of said negotiations, this cross-complainant's said agent, Marcello Gerometta, discussed said negotiations freely in confidence with said Steve G. Crokos, and told him of the arrangements which had been made for the $1,000.00 loan with which to pay off said second mortgage of said Bankers Trust Company, as Trustee. That after they had discussed said plan said Steve G. Crokos thereupon suggested to said Marcello Gerometta, that he, Steve G. Crokos, was the owner of some vacant lots in the City of Gary, Indiana, which he was unable to dispose of, and asked said Marcello Gerometta, as a favor, to give him an opportunity to trade one or more of his said vacant lots to said Bankers Trust Company, as Trustee, for its said second mortgage and told said Gerometta, that, if said Gerometta, this cross-complainant's agent, would give him such an opportunity and if he was successful in so purchasing said second mortgage, he and said Gerometta would then get together and agree upon a value for said lot, not exceeding said $1,000.00, and that he would then cancel and release said second mortgage upon payment to him of said value by this cross-complainant and said Gerometta. That this cross-complainant's said agent, Marcello Gerometta, reported to this cross-complainant the offer and request of said Steve G. Crokos, and asked the permission of this cross-complainant to procure the release of said second mortgage in said manner. That this cross-complainant assented to said arrangement and that after further confidential discussion of the matter and further repeated promises by said Steve G. Crokos that he would so cancel and release said second mortgage if he succeeded in purchasing same, this cross-complainant's said agent, Marcello Gerometta, on behalf of this cross-complainant, accepted said promise and offer and agreed to give said Steve G. Crokos an opportunity to so purchase said second mortgage. That in reliance upon the good faith and honesty of said Steve G. Crokos, this cross-complainant and his agent, Gerometta, did not further carry on their said negotiations with said Bankers Trust Company, Trustee, and abandoned and waived their rights to claim said $1,000.00 mortgage loan and did not consummate

the said $1,000.00 loan which they had obtained to pay off said second mortgage. That shortly thereafter said Steve G. Crokos succeeded in trading to said Bankers Trust Company, as Trustee, for said second mortgage, and the note secured thereby, a vacant lot described as follows, to-wit:

Lot Thirty-eight (38) in Block Four (4), in Broadway Realty & Investment Company's Addition to Gary, Lake County, Indiana.

"That said lot was at the said time of a market value less than one thousand ($1,000.00) dollars. That this cross-complainant's said agent, Marcello Gerometta, then went to said Steve G. Crokos, for the purpose of carrying out their said agreement and asked said Steve G. Crokos, to name the value of said lot traded as aforesaid and that thereupon said Steve G. Crokos wholly repudiated said agreement and refused to cancel and release said second mortgage and told said Gerometta to take the matter up with Louis George, an attorney at law, the attorney of said Steve G. Crokos. That said Gerometta did thereupon call at the office of said Louis George, Plaintiff herein, and was informed by him that the full amount of said second mortgage would have to be paid. That said Louis George also at said time told said Gerometta that he, Louis George, had an interest in the matter to the extent of some abstract bills he has paid and that they also would have to be paid. That said Attorney Louis George did not then or at any time prior thereto assert or claim any interest in said mortgage or the real estate covered thereby other than for said abstract bills and that this cross-complainant had no information or knowledge that said Louis George had or claimed to have any interest or share in said mortgage until plaintiffs herein alleged such claim in their complaint herein. That said Louis George did not own or have or acquire any interest in and to said mortgage and real estate covered thereby until after said mortgage had been acquired, as aforesaid, by said Steve G. Crokos; that said Louis George has acted as the personal attorney for said Steve G. Crokos, for a period of years last past and that, if said Louis George now has any interest in said mortgage, he acquired same from said Steve G. Crokos, and with

full and complete knowledge and information of the said negotiations between said Steve G. Crokos and said Marcello Gerometta, concerning said mortgage before said Steve G. Crokos acquired same and of the manner in which said Steve G. Crokos acquired said mortgage and with full knowledge of the aforesaid agreements and understandings between said Steve G. Crokos and said Marcello Gerometta, concerning said mortgage and real estate.

"This cross-complainant further says that said Steve G. Crokos is attempting, by this foreclosure, to defraud this cross-complainant and that by reason of the foregoing actions it will be unjust and inequitable for said plaintiffs to be now, by the court of equity, granted foreclosure of said mortgage.

"WHEREFORE, cross-complainant, Albano Davia, asks that the relief prayed for in plaintiff's second amended complaint herein be wholly denied and that the court declare said plaintiffs to be the holders of said second mortgage as Trustees for the benefit of this cross-complainant and that the value of the lot given in consideration of the transfer to said plaintiffs of the note secured by said mortgage be by the court determined and this cross-complainant given a reasonable opportunity to pay said plaintiff beneficiaries said value and that upon the proof of such payment within said period of time, the court order the cancellation and release of record of said second mortgage; for the costs of this action and for all other proper relief."

The contention made is that the facts averred in the cross-complaint show the existence of a constructive trust, and that the court was therefore in error when it sustained a demurrer thereto, on the ground that said cross-complaint did not state facts sufficient to constitute a cause of action in favor of said cross-complainant against the plaintiffs, or either of them. We cannot sustain this contention. It affirmatively appears that cross-complainant never had any ownership of, or interest in, the note and mortgage in suit. The most that can be said is that the facts averred

show he had been offered an opportunity to liquidate the indebtedness evidenced by said note, and secured by said mortgage, for an amount much less than the face value of the note, but there is a total failure to aver any facts to show that this offer to so discharge such indebtedness was an enforceable contract between him and the then owner of the note and mortgage, or that he, relying upon any promise or representations of the appellees who afterwards purchased said note, relinquished a legal right he had, or in any way aided appellees Crokos and George in the transaction which resulted in their acquiring ownership of said note or mortgage, either by contributing any funds or property for the purchase of said note and mortgage, or otherwise. The facts averred fail to show such actual or constructive fraud as to give rise to a constructive trust. There was no error in sustaining the demurrer to either pleading. See *Alexander* v. *Spaulding* (1903), 160 Ind. 176, 66 N. E. 694; *Westphal* v. *Heckman* (1916), 185 Ind. 88, 113 N. E. 299; *Vance* v. *Grow* (1934), 206 Ind. 614, 190 N. E. 747; *McQuaide* v. *McQuaide* (1931), 92 Ind. App. 370, 168 N. E. 500; *Thomas* v. *Briggs* (1934), 98 Ind. App. 352 189 N. E. 389.

One of the causes for a new trial assigned in the motion therefor is claimed error in admitting in evidence appellees' Exhibits Numbered 1 and 2 (the note and mortgage in suit). Objection to such admission was made on the ground that it appeared from the face of the instruments offered that the Intangible Tax Laws of the State of Indiana had not been complied with. It appears from the uncontradicted evidence that in the year 1933, appellee Crokos filed with the county assessor of Lake County, Indiana, his application to have the value of said "intangibles" determined for tax purposes in that year, and that same was appraised by said assessor at $600.00, and that thereafter, on Octo-

ber 11, 1933, such appraisal was approved by the State Board of Tax Commissioners of Indiana. No other appraisal was made, but the note offered and admitted in evidence bore intangible tax stamps to the extent of $1.50 (the required amount on a $600.00 valuation) for each of the years 1933, 1934, 1935, and 1936, the trial of the cause occurring in 1936. Our statute relative to this matter provides for an appraisal, and that same "shall govern in measuring the tax to be paid in respect of such intangible during the current year only." It also gives to the State Board of Tax Commissioners the right to adopt rules for the "conduct of hearings for determining the value of any such intangible." See Secs. 64-905, 64-906 Burns' St. Anno. 1933 (§§15903, 15904 Baldwin's 1934). In the instant case there was evidence before the court to the effect that in the year 1934, an application was presented to said county assessor to appraise the intangibles here involved, and that such assessor informed the owner that "when an appraisal had been made fixing the amount of the value to be taxed and approved by the commissioners, it will be carried on unless the conditions have been changed."

Our attention is directed to Sec. 64-930 Burns' Ind. Stat. 1933 (§15928 Baldwin's 1934), *supra*, which provides that "no intangible in respect of and by which the tax imposed by this court is measured, shall be valid or enforceable . . ., unless and until all taxes and penalties accrued on account thereof shall have been paid." This section, however, is of no benefit to appellant in the instant case. No answer of invalidity of the note because of a failure to pay tax thereon in accordance with its value was filed; the note on its face disclosed that intangible tax had been paid for each year from the effective date of the Intangible Tax Law until the time of trial, and there is no evidence that it had a value in excess of the amount upon

which intangible tax was actually paid. As bearing upon this question, see *McCarthy* v. *Miller, Admr.* (1938), 213 Ind. 596, 12 N. E. (2d) 348.

When we consider the issues submitted for trial, together with all the evidence before the trial court, and the provisions of our Intangible Tax Law heretofore mentioned, we conclude there was no reversible error committed in admitting the note and mortgage in evidence.

The sufficiency of the evidence to sustain the decision of the court is also challenged, it being asserted that there is no evidence to sustain an item of $22.50 for the continuation of an abstract, and that the amount of recovery to that extent is too large and not supported by evidence. After reading all the evidence, including the provisions of the mortgage, we are of the opinion that the contention made is untenable. The correctness of the conclusions of law as stated by the court are not challenged by any assignment of error.

The judgment is affirmed.

Curtis, C. J., not participating.

Stevenson, P. J., concurs in result.