BROWN *v.* BROWN

[No. 29,448. Filed June 28, 1956.]

*Ewing E. Wright,* of Osgood, and *Paul R. Schnaitter,* of Madison, for appellant.

*Cooper, Cooper, Cooper & Cox,* of Madison for appellee.

BOBBITT, J.—Appellant brought this action against appellee to quiet title to certain real estate in Ripley County, Indiana. The title to this real estate depends upon the effect of a deed executed by appellant's mother, one Lucille Dawson Day, to the appellee Grant Brown.

The following facts are shown by undisputed evidence.

Lucille Dawson was married to Austin Day on November 6, 1911, in Montgomery County, Indiana, and the appellant Vivian Day Brown was born to this marriage on May 15, 1917. In 1919, Austin Day was committed to the Central State Hospital for the Insane at Indianapolis, Indiana, where he remained as an inmate until his death, intestate, on February 6, 1953. He and Lucille Dawson Day were never divorced and they had no children other than appellant. From about 1922 Lucille Day lived in Ripley County, Indiana, with the appellee Grant Brown, which arrangement continued until her death, intestate, in Holton, Indiana, on June 10, 1952. During this period she assumed the name of "Lucille Brown."

The real estate involved in this action, consisting of two tracts, were conveyed to "Lucille Brown" by war-

ranty deed, one tract on August 22, 1950, and the other on October 2, 1950.

According to the testimony of Lucille Day's brother, the consideration for both pieces of real estate, either in exchange property or cash, was furnished by Grant Brown.

On May 12, 1952, Lucille Dawson Day, under the name of "Lucille Brown," executed a warranty deed conveying the two tracts of real estate with the following provisions:

"THIS INDENTURE WITNESSETH, That Mrs. Lucille Brown (Wife of Grant Brown) of Ripley County, in the State of Indiana

"CONVEYS AND WARRANTS

"to Her Husband Grant Brown during his life for his Personal use of Ripley County, in the State of Indiana, for and in consideration of Valuable Consideration and the sum of One and . . . . 00/100 DOLLARS (GRANTEE gets only Life lease and full possession during his natural lifetime and after his death her property so mentioned goes to her legal heirs) the receipt whereof is acknowledged the following described REAL ESTATE in Ripley County in the State of Indiana, to-wit:

\* \* \*

"(GRANTOR SPECIFIES THAT THIS REAL ESTATE GOES TO HER HEIRS UPON DEATH OF GRANTEE VIZ 'GRANT BROWN' . . . Her husband HAVING A LIFE LEASE ONLY.)"

The brother further testified that a short time before her death his sister "Lucille Brown" told him that she had executed such warranty deed to appellee so that he "would be taken care of as long as he lived with a place to live." He further testified that his sister told him in the presence of his wife that she did not know

that the property was deeded to her until the deed was brought home "and showed to her."

There was also evidence that "Lucille Brown" had told certain neighbors that she wanted appellee to have the property as a home as long as he lived.

The trial court found that "Lucille Brown" held the land as Trustee, and adjudged appellee the owner of a life estate, and the appellant the owner of the fee subject to such life estate.

The sole error assigned is the overruling of appellant's motion for a new trial. Since the appeal is from a negative judgment, we will consider only whether the decision of the court is contrary to law.

This presents the sole question: Does the evidence in the record lead inescapably to the conclusion that "Lucille Brown" did not hold this real estate as a Trustee?

We agree with appellant that the factual situation as shown by the record herein is not sufficient to establish a resulting trust. 1 R. S. 1852, ch. 113, §6, p. 501, being §56-606, Burns' 1951 Replacement; *Koehler* v. *Koehler* (1921), 75 Ind. App. 510, 528, 529, 121 N. E. 450; *Price* v. *Brittain* (1923), 80 Ind. App. 294, 297, 137 N. E. 620; *Hadley* v. *Kays* (1951), 121 Ind. App. 112, 125, 98 N. E. 2d 237.

Appellee asserts that if no resulting trust exists the evidence is sufficient to sustain a constructive trust. Many attempts have been made to define a constructive trust. However, we believe that the definition which more nearly conforms to decisions of the Indiana courts is as follows:

"'A constructive trust, or as frequently called an involuntary trust, is a fiction of equity, devised to the end that the equitable remedies available against a conventional fiduciary may be available under the same name and processes against one

who through fraud or mistake or by any means ex maleficio acquires property of another.' " 3 Bogert Trusts Pt. 1, ch. 24, §471, p. 6.

The rule is firmly established in Indiana that fraud, actual or constructive, constitutes an essential ingredient of a constructive trust. *Terry* v. *Davenport* (1916), 185 Ind. 561, 571, 112 N. E. 998; *Alexander* v. *Spaulding* (1903), 160 Ind. 176, 181, 66 N. E. 694; *Noe* v. *Roll* (1893), 134 Ind. 115, 119, 33 N. E. 905.

"Constructive fraud is fraud which arises by operation of law, 'from acts or (a) course of conduct which, if sanctioned by law, would, either in the particular case, or in common experience, secure an unconscionable advantage, irrespective of the existence or evidence of actual intent to defraud.' *Leader Publishing Co. et al.* v. *Grant Trust and Savings Co., Trustee* (1914), 182 Ind. 651, 660, 108 N. E. 121." *Ballard* v. *Drake's Estate* (1937), 103 Ind. App. 143, 148, 5 N. E. 2d 671.

Constructive fraud has also been defined as " 'a breach of legal or equitable duty which, irrespective of the moral guilt of the fraud feasor, the law declares fraudulent because of its tendency to deceive others, to violate public or private confidence or to injure public interests. Neither actual dishonesty nor intent to deceive is an essential element of constructive fraud.' " *Daly* v. *Showers* (1937), 104 Ind. App. 480, 486, 8 N. E. 2d 139.

Such acts or breach of duty may include mistake, undue influence, or duress. 3 Bogert Trusts Pt. 1, ch. 24, §474, p. 26; 3 Scott on Trusts, §462.2, p. 2317.

There is no unyielding rule or formulae for the describing of a constructive trust. *Beatty* v. *Guggenheim Exploration Co.* (1919), 225 N. Y. 380, 122 N. E. 378, 381.

The rule as laid down in Indiana with the reason therefore is ably stated in *Westphal* v. *Heckman* (1916), 185 Ind. 88, 97, 113 N. E. 299, as follows:

"A constructive trust arises in cases where the transaction involved is tainted by fraud, actual or constructive. In such cases, in order to prevent the wrongdoer from reaping a benefit from his fraud, a court of equity will construct a trust such as equity and good conscience requires in order to do justice to the parties affected by the fraudulent transaction. In such cases the court does not act upon and enforce parol agreements to hold land in trust as the primary thing. It is the fraud or undue influence connected with the original transaction which justifies the court in constructing a trust and holding the wrongdoer responsible as a trustee *maleficio.*"

This court was confronted with a set of facts similar to that now before us, in *Alexander* v. *Spaulding, supra* (1903), 160 Ind. 176, 66 N. E. 694, where one Franklin Spaulding purchased certain lands, had the same conveyed to the defendants therein to hold in trust for him, and afterwards traded such lands for other lands and had the conveyance made to the defendants, leaving the same in secret trust to such defendants for himself and heirs. The grantees paid no consideration for the lands, and it was alleged in the complaint that the decedent owned the lands at the time of his death and that they were part of his real estate.

This court there held that the conveyance did not create a trust, and, at page 181 of 160 Ind., said:

"No fraud is charged from beginning to end, and no such a state of facts pleaded as calls for the interposition of a court of equity to prevent the failure of justice."

See also: *Meredith* v. *Meredith* (1898), 150 Ind. 299, 50 N. E. 29, where a trust was alleged in lands deeded by the father of appellant to her husband and charged to her as an advancement out of her father's estate. This court there held that the evidence was not sufficient to establish a constructive trust, and, at page 301 of 150 Ind., quoting from *Wright* v. *Moody* (1888), 116 Ind. 175, 18 N. E. 608, said:

> " 'The element essential to a constructive trust is, that fraud, either actual or constructive, must have intervened. Such trusts are raised by courts of chancery only in cases where it becomes necessary to prevent a failure of justice, and in most cases where there is no intention or agreement of the parties to create such a relation. *Cox* v. *Arnsmann,* 76 Ind. 210; *Tinkler* v. *Swaynie,* 71 Ind. 562; 1 Perry Trusts, section 166, 2 Pom. Eq. Jur., Section 1044.' "

And, further, at page 301 of 150 Ind.:

> "There is no fraud, *per se,* in such a transaction; and if fraud actually exists in connection therewith, the same must be alleged and proved. *Baker* v. *Leathers,* 3 Ind. 558; *Hileman* v. *Hileman,* 85 Ind. 1; *Noe* v. *Roll,* 134 Ind. 115; *Lewis* v. *Stanley,* 148 Ind. 351." See also: *Ray* v. *Baker* (1905), 165 Ind. 74, 84, 74 N. E. 619.

There is no fraud alleged in the case at bar, and a careful search of the record fails to reveal any evidence of fraud, either actual or constructive. There is no evidence here of any wilful acquisition of the real estate by "Lucille Brown," or of any mistaken intention of appellee when he caused the title to such property to be placed in her name. Neither do we find any evidence of undue influence or duress, nor any breach of a legal or equitable duty tending to deceive anyone or to violate public or private confidence

or to injure public interests. The mere fact that the grantee, "Lucille Brown," stated to her brother and others that she executed a deed to appellee so that he "would be taken care of as long as he lived;" that she had everything "fixed for Grant" and wanted him to have a home as long as he lived; and executed an invalid deed by which she attempted to accomplish this purpose, does not constitute fraud as will justify a court in declaring and enforcing a constructive trust. *Westphal* v. *Heckman, supra* (1916), 185 Ind. 88, 100, 113 N. E. 299.

Without attempting to weigh the evidence, it seems to us to be capable of reasonable explanation upon the theory[1] that appellee placed the real estate in question in the name of "Lucille Brown," who at that time was the lawful wife of Austin Day, in recognition of faithful services rendered him over the years as his housekeeper, and to provide her with security in the event she should survive him.

It further seems to us that the evidence in this case leads inescapably to the conclusion that Lucille Dawson Day, by reason of the warranty deed executed to her as "Lucille Brown", held the real estate therein described in fee simple title and not as trustee.

The undisputed evidence is that Lucille Day's (Lucille Brown) lawful husband was living at the time she executed the deed to the real estate here involved to Grant Brown, and that he did not join in such deed, hence, it was void. Acts 1923, ch. 63, §2, p. 190, being §38-102, Burns' 1949 Replacement; *Price* v. *Brittain, supra* (1923), 80 Ind. App. 294, 296, 137 N. E. 620.

For the reasons above stated the trial court erred in overruling the appellant's motion for a new trial.

---

[1] *Catherwood* v. *Morris* (1931), 345 Ill. 617, 178 N. E. 487.

Because the judgment of the trial court is contrary to law, it will be reversed with instructions to grant a new trial.

Judgment reversed with instructions.

Landis, C. J., Arterburn and Achor, JJ., concur.

Emmert, J., concurs in result.

NOTE.—Reported in 135 N. E. 2d 614.